IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 8, 2005

## HOWARD DUTY, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sullivan County**
**No. C48, 118     R. Jerry Beck, Judge**

_____

**No. E2004-00897-CCA-R3-PC - Filed May 23, 2005**

_____

The petitioner, Howard Duty, Jr., appeals from the post-conviction court's denial of post-conviction relief. On appeal, he contends that the post-conviction court erred in finding that he received the effective assistance of counsel. Following our review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Gene G. Scott, Jr., Johnson City, Tennessee, for the appellant, Howard Duty, Jr.

Paul G. Summers, Attorney General and Reporter; William G. Lamberth, II., Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

The petitioner was convicted of stalking, a Class A misdemeanor. He was sentenced to serve eleven months and twenty-nine days at 75% in the Whiteville Correctional Facility. The conviction was affirmed on appeal. See State v. Howard Duty, Jr., No. E2001-03008-CCA-R3-CD, 2002 WL 31512332 (Tenn. Crim. App., at Knoxville, Nov. 13, 2002), perm. app. denied (Tenn. March 17, 2003). The petitioner filed a *pro se* petition for post-conviction relief. Following the appointment of counsel, the petitioner filed an amended petition for post-conviction relief in which he asserted various claims of ineffective assistance of counsel. After conducting a hearing, the trial court entered an order denying post-conviction relief. On appeal, the petitioner argues solely that his counsel was ineffective by revealing allegations that the petitioner had been twice charged and acquitted of assaulting the victim. According to the petitioner, his counsel opened the door to these prior assault

charges that would have been otherwise inadmissible and, by mention of them, portrayed the petitioner as some "bad seed" that had given the victim problems in the past.

At the post-conviction hearing, the petitioner testified that his trial counsel, through cross-examination of the victim, brought up the fact that the victim had previously filed two warrants against the defendant alleging assault. According to the petitioner, his trial counsel, via cross-examination of the victim, informed the jury of these two assault charges without emphasizing the fact that the petitioner was acquitted of these assault charges. The petitioner also stated that by bringing up the assault charges, his trial counsel opened the door, allowing the State to refer to them in closing argument. The petitioner stated that the presentation of these assault charges to the jury showed that his counsel was ineffective. On cross-examination, the petitioner admitted that his trial counsel was possibly bringing up the warrants to show the jury that the victim had a credibility issue because he falsely alleged assault on two prior occasions.

The petitioner's trial counsel testified that he was aware of the facts of the case and the legal issues pertaining to the stalking charge against his client. Trial counsel stated that at trial he questioned the victim regarding two prior assault charges the victim filed against the petitioner. Trial counsel testified that to his knowledge no other witnesses were going to testify on behalf of the petitioner, and the petitioner was not going to testify. Therefore, as part of his trial strategy, he questioned the victim about the prior assault charges and had the victim acknowledge that the petitioner had been found not guilty in both cases. According to trial counsel, his strategy was to attack the victim's credibility, making the victim appear to be "just a person who . . . swears out warrants . . . without any basis." After hearing testimony and closely reviewing the trial record, the post-conviction court issued a written order denying the petitioner's requested relief. The post-conviction court found that trial counsel's reference to the prior assault charges was sound trial strategy. The post-conviction court also found that the petitioner failed to show prejudice.

## II. Analysis

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this Court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 690-94 (1984); see also Arnold v. State, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. Strickland, 466 U.S. at 688; see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable

probability that the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. If either element of ineffective assistance of counsel has not been established, a court need not address the other element. <u>Id.</u> at 697; <u>see also</u> <u>Goad v. State</u>, 938 S.W.2d 363, 370 (Tenn. 1996). Also, a fair assessment of counsel's performance, "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689; <u>see also</u> <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. <u>Goad</u>, 938 S.W.2d at 369. However, deference is given to strategy and tactical decisions only if the decisions are informed ones based upon adequate preparation. <u>Id.</u> (citations omitted).

The record does not show deficient performance. The record reflects that trial counsel was prepared for trial. According to trial counsel's testimony, he was well aware of the facts and legal issues involved in the case. He was aware that the petitioner had a prior criminal record and would not be testifying at trial. He had previously visited the scene where the stalking was alleged to have occurred. He understood from conversing with the petitioner that no witnesses would be testifying on the petitioner's behalf at trial. Consequently, at trial, he made a tactical decision to attack the victim's credibility by showing that the victim had improperly made criminal allegations against the petitioner in the past.

Based on our review of the record and the foregoing authorities, we conclude that the petitioner has failed to meet his burden of showing deficient performance by counsel. Accordingly, we affirm the post-conviction court's denial of post-conviction relief.

_____
J.C. McLIN, JUDGE