IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2006

## RICKIE BOYD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26960     W. Fred Axley, Judge**

_____

**No. W2005-01599-CCA-R3-PC - Filed May 1, 2006**

_____

The petitioner, Rickie Boyd, appeals from the denial of his petition for post-conviction relief. On appeal, he contends that he was denied the effective assistance of counsel. Following our review of the record and the parties' briefs, we affirm the judgment of the post-conviction court denying post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Norma McGee Ogle and Alan E. Glenn, JJ., joined.

Britton J. Allan, Memphis, Tennessee, for the appellant, Rickie Boyd.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracey Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The petitioner was convicted by jury of aggravated robbery and received a sentence of eighteen years. On direct appeal, this court affirmed the petitioner's conviction and sentence. *See State v. Rickie Boyd*, No. W2000-01010-CCA-R3-CD, 2001 WL 1042107 (Tenn. Crim. App., at Jackson, Sept. 10, 2001), *perm. app. denied* (Tenn. Dec. 31, 2001). The following is a recitation of the convicting evidence set forth in this court's opinion on direct appeal:

> On June 23, 1997, Tomiko Wade was working at the Mapco Express at 298 East Mallory. Sometime after 2:00 a.m., a man entered the store with a plastic bag over his face and demanded money in the cash register. After Ms. Wade emptied the first cash register, the intruder demanded that she empty the second register.

According to Ms. Wade, the robber carried a green tote bag. He held his hand in the tote bag as if he had a gun pointed at Ms. Wade. Ms. Wade testified she was terrified and immediately gave the robber the store's money. After taking the money from both cash registers, the robber fled the premises.

According to Ms. Wade, she could see the intruder's face even though he wore a plastic bag over it. Ms. Wade recognized the defendant as the robber. Three days prior to the robbery, the defendant had entered the store and tried to sell Ms. Wade a purse. After Ms. Wade refused to buy a purse from the defendant, he stayed and talked to a co-worker of Ms. Wade's for about an hour.

On June 27, 1997, Ms. Wade returned to the Mapco Express. As she pulled into the parking lot, she noticed that the defendant was standing at one of the pumps putting gas in his car. When she entered the store, Ms. Wade informed Officer Curtis Hafley and Officer David Hawkins that the man who robbed the store was outside. By the time everyone turned to look, the defendant had fled the scene. At this point, Officer Hafley stayed in the store with Ms. Wade and Officer Hawkins pursued the defendant. A few blocks from the Mapco Express, Officer Hawkins caught up with the defendant and arrested him. When the defendant was returned to the Mapco Express, Ms. Wade identified him as the man who had robbed her at gunpoint a few nights before.

The next day, Ms. Wade went to the police station to answer questions and give a statement about the robbery. While at the police station, Ms. Wade reviewed a photo spread of possible suspects. After reviewing the photos, Ms. Wade identified the defendant as the man who robbed the store.

*Boyd*, 2001 WL 1042107 at *1.

The petitioner filed a timely pro se petition. Post-conviction counsel was appointed, an amended petition was filed, and a hearing was held. At the evidentiary hearing, the petitioner testified that his attorneys failed to investigate a "homeless guy" mentioned as a suspect in the discovery materials he received. The petitioner also testified that his attorneys failed to interview the district manager of the Mapco Express, who would have said that "somebody had been stealing money from the registers." The petitioner further stated that his attorneys failed to inform him of a second plea offer of eight years. The petitioner asserted that he would have taken this eight-year offer instead of going to trial. On cross-examination, the petitioner stated that he could not recall if the notation of a "homeless person" in the discovery materials was a reference to himself or another suspect. The petitioner also asserted that his attorneys should have called his friend, Jackie Bishop, as a character witness.

Fred Douglas, the petitioner's father, testified that the district manager of the Mapco Express told him about money missing from the register. Mr. Douglas said he discussed this possible theory

of defense with the petitioner's attorneys. On cross-examination, Mr. Douglas acknowledged that he was not present when the Mapco Express was robbed. He also acknowledged that he did not know whether the district manager knew any facts about the robbery.

The petitioner's trial counsel testified that she discussed the petitioner's case with the petitioner. She also said that she conveyed all plea offers made by the state to the petitioner and the petitioner rejected them. On cross examination, counsel stated that she did not interview witnesses Tomiko Wade, Gloria Stigger, Jacquelin Pabone, and Troy Dixon for various reasons. With regard to the victim, Tomiko Wade, counsel stated that she was unable to locate Ms. Wade before trial. Counsel asserted, however, that she cross-examined Ms. Wade concerning the factual details of the robbery. Counsel conceded that she did not review Ms. Wade's criminal history related to driving, but counsel stated that she did not consider Ms. Wade's driving record "important as a credibility issue." Regarding the other witnesses, counsel recalled that some of them could not be located and another one did not have any facts relevant to the case.

With regard to the unidentified homeless suspect, counsel testified that nobody could figure out who said the suspect was a homeless person. Counsel acknowledged, however, that she did not question the Mapco Express employees about the homeless suspect. Counsel also stated that she did not contact the district manager of the Mapco Express in order to develop some alternative theory of defense because he did not add value as far as the facts of the case were concerned. Counsel explained that a videotape had been admitted at trial showing an actual robbery so "it wasn't as if the robbery had been falsified" by the Mapco Express employees.

The petitioner's co-counsel testified that he discussed the state's plea offers with the petitioner. However, the petitioner refused the offers. Co-counsel stated that he also discussed the petitioner's potential sentencing range with him. On cross-examination, co-counsel acknowledged that he did not interview or conduct a background check of Ms. Wade. Co-counsel said that prior to trial he attempted to contact Ms. Wade, Ms. Pabone, and Mr. Dixon but received no response. Co-counsel stated that he did not remember if he attempted to contact Ms. Stigger.

After a thorough review of the petitioner's claims, the post-conviction court set out in great detail an order denying post-conviction relief. The court credited the testimony of counsel and co-counsel and found that the petitioner failed to prove his claims of ineffective assistance by clear and convincing evidence. The petitioner now brings this appeal.

## ANALYSIS

In this appeal, the petitioner argues that he received the ineffective assistance of counsel because his attorneys failed to interview witnesses, investigate a known suspect, and impeach the victim's credibility at trial. Upon review of the available record, we conclude that the petitioner has failed to prove his claims of ineffective assistance of counsel.

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings is de novo with a presumption that the findings are correct. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001). Our review of the post-conviction court's legal conclusions and application of law to facts is de novo without a presumption of correctness. *Id.*

To establish ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 690-94 (1984); *see also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Id.* at 697; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Also, a fair assessment of counsel's performance, "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. *Goad*, 938 S.W.2d at 369.

The petitioner first claims that his attorneys failed to interview specific witnesses. However, the petitioner failed to present these witnesses at the evidentiary hearing. In order for a petitioner to establish he was prejudiced by his attorney's failure to discover, interview, or present a witness at trial, the petitioner must have this witness testify at the post-conviction hearing. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed a witness or what that witness' testimony might have been if introduced by defense counsel." *Id.* Furthermore, the petitioner's attorneys both testified that either these witnesses could not be located before trial or they were not relevant to the petitioner's defense. Accordingly, this claim is without merit.

The petitioner also claims that his attorneys failed to investigate a homeless person as a suspect. However, the petitioner failed to include the discovery materials where the "homeless suspect" is allegedly mentioned. In addition, the petitioner's trial counsel testified that "nobody could figure out who had said the suspect was a homeless person." Furthermore, the petitioner

-4-

acknowledged that the homeless person mentioned in the discovery materials could have been a reference to the petitioner. Accordingly, this claim is without merit.

Finally, the petitioner claims that his attorneys failed to impeach the victim, Ms. Wade, by introducing her past "driving convictions." In our view, Ms. Wade's driving record, however dreadful, was not relevant to the veracity of her testimony as it pertained to her identification of the petitioner as the man who robbed the Mapco Express. Further, the record reflects that trial counsel effectively cross-examined Ms. Wade regarding her recollection and perception of the robbery. Accordingly, this claim is without merit.

## CONCLUSION

Based on our review of the record and the foregoing authorities, we conclude that the petitioner failed to prove he received the ineffective assistance of counsel. Thus, the post-conviction court's denial of post-conviction relief is affirmed.

_____
J.C. McLIN, JUDGE