IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2008

**JOHNNY JUSTIN POSTLES v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C-07-160     Roger Page, Judge**

**No. W2007-02874-CCA-R3-PC  - Filed April 6, 2009**

The petitioner, Johnny Justin Postles, appeals from the post-conviction court's denial of post-conviction relief as it relates to the petitioner's convictions for aggravated criminal trespass and assault in case assignment 04-720, and aggravated assault, aggravated burglary, and theft under $500 in case assignment 04-721. On appeal, he contends that the post-conviction court erred in denying relief based on his claim of ineffective assistance of counsel. Following our review of the record and the parties' briefs, we affirm the judgment of the post-conviction court denying post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which David H. Welles and Thomas T. Woodall, JJ., joined.

Paul E. Meyers, Jackson, Tennessee, for the appellant, Johnny Justin Postles.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

The petitioner was indicted for offenses against the same victim in two indictments. The first indictment related to events occurring on April 5, 2004, and alleged aggravated criminal trespass, assault, and false imprisonment. The false imprisonment count was dismissed by the state prior to trial. The second indictment concerned events that occurred May 21, 2004, and alleged aggravated burglary, aggravated assault, and robbery. Prior to trial, the two indictments were consolidated. The jury convicted the petitioner of criminal trespass, assault, aggravated burglary, aggravated assault, and theft. The petitioner was sentenced to five years and six months incarceration to be served consecutively to a sentence of eleven months and twenty-nine days. On direct appeal, the petitioner's convictions were affirmed. *See State v. Johnny J. Postles,* No. W2005-01641-CCA-R3-

CD, 2006 WL 3371415 (Tenn. Crim. App., at Jackson, Nov. 20, 2006), *perm. app. denied* (Tenn. March 19, 2007). The following is a summary of the facts of the case taken from this court's opinion on direct appeal:

> The account of these events were related by the victim, Katina Fuller. She testified that she and the defendant had been in a dating relationship for several months until April 5, 2004. The defendant had not lived at the victim's residence but had stayed overnight on occasions. Ms. Fuller told the defendant that she did not want him at her apartment and told him to leave. The defendant did leave but returned and forced an entry by breaking in the door. The defendant pulled the victim's hair and held his hand over her nose and mouth. The victim stated she feared for her safety. She waited until she was sure the defendant was asleep and escaped to her cousin's residence to call police. The defendant was arrested and placed under a conditional bond in the Jackson City Court whereby, among other provisions, the defendant was ordered to refrain from contacting the victim or going to her home.
>
> On May 21, 2004, the defendant knocked on the victim's door at approximately 11:30 p.m. After the victim denied him entry, the defendant left but returned. The victim notified police, and an officer responded, but the defendant had left. The defendant returned, kicked in the victim's door, and entered the apartment. The victim was holding her cell phone in order to call police when the defendant grabbed it and ran from the scene. At a later date, the defendant returned the phone to the victim's father.
>
> The jury heard testimony from Jackson Police officers who responded to the two incidents. Pictures were introduced showing the damage done to the victim's apartment door and door facing on both April 5 and May 21.
>
> The defendant chose not to present proof. Based on the evidence, the jury returned guilty verdicts for criminal trespass, assault, aggravated burglary, aggravated assault, and theft.

*Johnny J. Postles,* 2006 WL 3371415 at *1.

The petitioner filed a timely pro se petition for post-conviction relief along with a number of motions including a motion to represent himself in seeking post-conviction relief. On September 10, 2007, the post-conviction court held a hearing regarding the petitioner's ability to represent himself. The court questioned the petitioner concerning his experience with managing his personal business and his knowledge of the law including criminal procedure. The court then ruled that the petitioner knowingly and voluntarily waived his right to counsel and held that the petitioner would be allowed to represent himself with "elbow" counsel to assist him in obtaining documents for the post-conviction hearing and to attend the hearing. At the September 10 hearing, the court also addressed the petitioner's allegation that the transcript of the trial contained "manufactured material" with regard to the withdrawal of his alibi defense. After reviewing a recording of the relevant proceeding, the court determined that the transcript accurately reflected what transpired in court.

On October 9, 2007, an evidentiary hearing was conducted by the post-conviction court. The petitioner reviewed his allegation as set forth in his petition, stating in pertinent part:

> I've alleged in Attachment Number Three of my Petition for Post-conviction Relief that [trial counsel] . . . . fraudulently caused said petitioner to withdraw a legitimate notice of alibi defense in case number 04-721, fraudulently refused to provide said petitioner with a copy of the transcripts and [that the court reporter] transcribed over four completely fabricated pages of transcripts.

Trial counsel testified that he recalled meeting with the petitioner several times at the Madison County jail. Counsel stated that on or about January 14, 2005, the petitioner told him that he had been at a men's shelter on May 21, 2004, and that the shelter's personnel could provide an alibi for that date. Counsel recalled that he contacted Mr. Pearson, who ran Crossroads Shelter for Men, and Mr. Pearson told counsel that he would locate his check-in sheet from May 21, 2004. Counsel recalled that on the day after speaking to Mr. Pearson, he verified with the petitioner the facts of his alibi and prepared a Notice of Alibi Defense. Counsel testified that before filing the notice, he again met with the petitioner and went over the alibi defense. Counsel stated that he told the petitioner that he would have Mr. Pearson subpoenaed for trial. Counsel stated that Mr. Pearson appeared on the date of trial and brought the May 21, 2004, sign in sheet. However, the sheet did not corroborate the petitioner's alibi because it did not contain the name of the petitioner. Counsel stated that he brought the absence of the petitioner's name on the sign-in sheet to the petitioner's attention on the day of trial, the same day that he became aware of the contents of the sheet.

On cross-examination, counsel confirmed that the state had also subpoenaed Mr. Pearson to testify at trial. Counsel stated that if he did not withdraw the alibi defense, the state would have been able to call Mr. Pearson as a witness which "would have been a tremendous blow to our case." Counsel testified that he had a detailed conversation with the petitioner and told the petitioner it would be better to withdraw the alibi defense and preclude the state from impeaching the defense. Counsel stated he requested that the court conduct a proceeding on the record to document his request to withdraw the petitioner's alibi defense. The following excerpt from the trial transcript took place outside the presence of the jury and was made an exhibit at the post-conviction hearing:

| [Counsel]: | Your Honor, as the Court may be aware of, that we filed a Notice of Alibi in defense of this case, that my client, of course, was somewhere else on the date in question on May the 21st of '04. Out of an abundance of caution I filed it. I subpoenaed the witness. He is here. Of course, we've talked to him. |
|---|---|

. . . .

| [Counsel] | [A]t that time my client says he was at the shelter on Lane Avenue. The gentleman who runs [the shelter] that I've talked to says on the day in question that [the petitioner] wasn't there. He's provided me with a copy of people that check in and out. |
|---|---|

| | |
|---|---|
| The Court: | Now, when you say he wasn't there you're referring to [the petitioner]? |
| [Counsel]: | Yes, sir. |
| [The State]: | Your Honor, I've also subpoenaed Mr. Pearson and I've explained to [counsel] that if he withdraws the alibi defense, the rule provides that I can't bring it up. I believe that's right. But I said if he doesn't, then certainly - -and I'm going to call Mr. Pearson and I have documents proving that the records do not support his alibi defense. |
| The Court: | The records show that [the petitioner] was not there? |
| [The State]: | That's correct. |
| [Counsel]: | That's right. |
| [The State]: | So without withdrawing it, you know - - I told - - I talked to [counsel] about possibly if he can officially withdraw his alibi Mr. Pearson can go home. But if he's not, I think [the petitioner], is still claiming the alibi - - |
| [Counsel]: | Yes. |
| [The State]: | - - asserting that these are fabrications. |
| [Counsel]: | He's asserting the records are completed (sic) fabrications and a total lie, Your Honor. |
| [The State]: | I think Mr. Pearson will be a State's witness. |
| The Court: | Well, I mean, [counsel], I'll let you decide after talking to [the petitioner] what you want to do. If he insists on it, of course, you'll have to put it on but - - |
| [Counsel]: | It's going to hurt us, Your Honor. |
| The Court: | It's going to hurt your case. I hope he understands that. |
| [The Petitioner]: | Well, if it is going to hurt my case - - |

. . . .

| [Counsel]: | So, Your Honor, based on that, then, he stated in open court that I would ask that the alibi witness be released and I withdraw it. |
| --- | --- |
| The Court: | Well, [the petitioner], I think, seems like an intelligent man. He understands that if he says he . . . says he was there and the man who runs the place comes in and his records show he wasn't, it's going to hurt his case. So based on that, I'll let you withdraw it. |
| [Counsel]: | Thank you, Your Honor. |

The petitioner's court appointed attorney on direct appeal testified that petitioner accused trial counsel of forging the check-in sheet from the shelter. Appellate counsel stated he obtained a copy of the sign-in sheet and had Mr. Pearson sign and date the back of the copy. He assumed that the copy signed by Mr. Pearson would be enough to satisfy the petitioner that no fraud had occurred in connection with the sign-in sheet.

The petitioner also questioned two law enforcement officers who had been present at his trial. Sergeant Glenn McCarty stated that he generally remembered being in the courtroom during the petitioner's trial, however, did not specifically remember any facts of the trial. Deputy Sherry Hall testified that she recalled that the petitioner's alibi was not corroborated, that the petitioner decided not to have the alibi witness testify, and that the defense was dropped.

After the hearing, the post-conviction court entered an order denying post-conviction relief. The petitioner now appeals contending that the post-conviction court erred in denying relief. He asserts that assistance by counsel was ineffective and claims counsel failed to "adequately investigate the case and misrepresented to the petitioner before trial that petitioner had a viable alibi defense." The petitioner submits that "due to this lack of diligence [the petitioner] was led into trial with no defense at all."

ANALYSIS

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations of fact set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2006). On appeal, this court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings, such as findings concerning the credibility of witnesses and the weight and value given their testimony, is de novo with a presumption that the findings are correct. *See id.* Our review of the post-conviction court's legal conclusions and application of law to facts is de novo without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

To establish the ineffective assistance of counsel, the petitioner bears the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the

defense rendering the outcome unreliable or fundamentally unfair. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A fair assessment of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). Both deficient performance and prejudice must be established. *Strickland*, 466 U .S. at 697; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Strickland*, 466 U.S. at 697. In considering claims of ineffective assistance of counsel, "[w]e address not what is prudent or appropriate, but only what is constitutionally compelled." *United States v. Cronic*, 466 U.S. 648, 665 n. 38 (1984).

In denying relief on the claim that the petitioner raises on appeal, the post-conviction court's order states in pertinent part:

> Petitioner filed multiple "attachments," totaling more than 20 pages of information. Notably, there are not specific claims of ineffective assistance of counsel contained within those attachments. Rather, there are allegations of fraud, conspiracy, and forgery, all of which were refuted by the witnesses at the post-conviction hearing. There are no claims that are properly raised for consideration by this Court. Petitioner failed to present evidence in support of any claims of ineffective assistance of counsel. As such, this Court denies relief on this issue.

We agree with the post-conviction court that the petitioner did not present evidence in support of his claim of ineffective assistance of counsel. The record shows that the petitioner told counsel of an alibi defense on January 14, 2005, and that counsel timely filed a notice of the petitioner's alibi with the court. Counsel contacted the shelter personnel identified by the petitioner and requested proof of the petitioner's presence at the shelter on the date in question. Counsel subpoenaed the alibi witness to trial. Upon discovering that the sign-in sheet brought to trial by the witness did not corroborate the petitioner's alibi, counsel requested that the petitioner be allowed to withdraw the alibi. Additionally, the petitioner failed to prove the existence of any viable defense, nor did he show that such defense was unavailable to him at trial. Therefore, we conclude that the petitioner failed to prove that trial counsel rendered deficient representation or that the petitioner suffered prejudice as a result of counsel's handling of the petitioner's alibi defense. The petitioner is without relief.

CONCLUSION

The judgment of the post-conviction court denying relief is affirmed.

_____
J.C. McLIN, JUDGE