**Connie Lee ARNOLD**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee,
at Knoxville.

Heard at Maryville.[1]

May 6, 2004 Session.

Aug. 31, 2004.

---

1. Oral argument was heard in this case on May 6, 2004, in Maryville, Blount County, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

Mark A. Brown, Knoxville, Tennessee, for the Appellant–Petitioner, Connie Lee Arnold.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Elizabeth B. Marney, Assistant Attorney General, for the Appellee–Respondent, State of Tennessee.

## OPINION

Janice M. Holder, J., delivered the opinion of the court, in which Frank F. Drowota, III, C.J., and E. Riley Anderson, Adolpho A. Birch, Jr., and William M. Barker, JJ., joined.

We granted permission to appeal to determine whether the petitioner's petition for post-conviction relief states a colorable claim of ineffective assistance of counsel. We hold that the petition does state a colorable claim. Therefore, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the post-conviction court for the appointment of counsel.

### Factual and Procedural Background

Connie Lee Arnold was convicted of child rape and especially aggravated exploitation of a minor. The Court of Criminal Appeals affirmed these convictions, and this Court denied Arnold's application for permission to appeal. Within one year, Arnold filed a pro se petition for post-conviction relief. The petition alleged, among other things, that Arnold's trial attorney was ineffective in not seeking a change of venue based on the news media's "constant exploitation" of his child rape charges.

The post-conviction court summarily dismissed the petition, stating that it was "fatally devoid of facts" and that it "contain[ed] bear [sic] allegations of violations of constitutional rights, and mere conclusions of law." The court found that the facts did not state any proof of ineffective assistance of counsel and did not show any prejudice to Arnold. On appeal, a majority of the Court of Criminal Appeals affirmed the dismissal of the petition, with Judge Joseph M. Tipton filing a dissenting opinion. Thereafter, Arnold filed an application for permission to appeal in this Court. We granted the application and remanded the matter to the intermediate appellate court for reconsideration in light of our opinion in *Burnett v. State*, 92 S.W.3d 403 (Tenn.2002).

On remand, a majority of the Court of Criminal Appeals again found the petition to have insufficient "facts or details" to avoid summary dismissal and affirmed the post-conviction court's dismissal of the petition. Judge Tipton again dissented, reiterating his belief that the petition alleged a colorable claim regarding the ineffective assistance of counsel for failure to seek a change of venue in the face of adverse

publicity. We granted review and appointed counsel to represent Arnold for the purposes of this appeal.

## Analysis

Under the Post–Conviction Procedure Act of 1995, a post-conviction proceeding is commenced by filing a written petition for post-conviction relief with the clerk of the court in which the conviction occurred. Tenn.Code Ann. § 40–30–204(a) (1997). The petition must contain "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn.Code Ann. § 40–30–206(d) (1997). Bare allegations that a constitutional right has been violated and mere conclusions of law are not sufficient to warrant further proceedings. *See id.*

Once a petition is filed, the trial court must determine whether the petition asserts a colorable claim. A colorable claim is defined in Tennessee Supreme Court Rule 28, § 2(H) as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post–Conviction Procedure Act." Post-conviction relief is available only when "the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn.Code Ann. § 40–30–203 (1997).

If the facts alleged, taken as true, fail to state a colorable claim, the petition shall be dismissed. *See* Tenn.Code Ann. § 40–30–206(f) (1997). However, if the petition does state a colorable claim, the court shall enter a preliminary order. *See* Tenn.Code Ann. § 40–30–207(a) (1997). This order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. *See* Tenn.Code Ann. § 40–30–207(b)(1) (1997). It shall also direct the petitioner or petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. *See* Tenn. Code Ann. § 40–30–207(b)(2) (1997).

█ In the present case, Arnold argues that his petition states a colorable claim and that the post-conviction court therefore erred in failing to appoint counsel to amend the petition under Tennessee Code Annotated section 40–30–207. Arnold's petition states that

> Petitioner from Arrest to Trial and Re-Trial was subject to The News Media [sic] Constant Exploitation of said Charges and No fair trial could ever be had in Carter County and Counsel of Reco[r]d Did Nothing to prevent same to the harms way of Petition[er] in his Day in Court, and Unjust Verdicts, and Illegal Imprisonment for same.
>
> . . .
>
> Petitioner after Ineffective Assistance of Counsel was found Guilty after a mini-trial of a day or two a mockery of Justice itself as it should have taken weeks to pick a Jury in a Town already since His Arrest. . . .

Reading the petition in the light most favorable to the petitioner, Arnold alleges that he did not receive the effective assistance of counsel, which is guaranteed to criminal defendants by both the United States Constitution and the Tennessee Constitution. *See* U.S. Const. amend. VI; Tenn. Const. art. I, § 9.

█ The issue before us is a question of law. *See Burnett v. State,* 92 S.W.3d 403, 406 (Tenn.2002). Accordingly, our review of the post-conviction court's dismissal of Arnold's petition is de novo. *See id.; see also Fields v. State,* 40 S.W.3d 450, 457 (Tenn.2001). In reviewing Arnold's claim

of ineffective assistance of counsel, we apply the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, an allegation of ineffective assistance of counsel must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. 466 U.S. at 690–94, 104 S.Ct. 2052. Taking Arnold's allegations as true, in the light most favorable to the petitioner, we hold that the petition states a claim that would entitle him to relief under the Post–Conviction Procedure Act. *See* Tenn. Code Ann. § 40–30–206(f) (1997); Tenn. Sup.Ct. R. 28, § 2(H).

Arnold's petition alleges that the media coverage involving his child rape charges was both constant and exploitative. Despite this adverse publicity, Arnold's trial attorney failed to request a change of venue and failed to adequately question potential jurors to determine the extent to which they were subjected and influenced by this constant and exploitative media coverage. Arnold links his convictions and his consecutive sentences to his attorney's deficient performance and suggests that a fair trial was impossible under the circumstances. Specifically, he alleges that the jury selection process and the length of the trial demonstrate a "mockery of Justice itself." Under these circumstances, we hold that the petition states a colorable claim and that the post-conviction court erred in dismissing the petition. We therefore remand the case to the post-conviction court for the appointment of counsel pursuant to Tennessee Code Annotated section 40–30–207.

### Conclusion

We conclude that Arnold's petition for post-conviction relief states a colorable claim of ineffective assistance of counsel. Therefore, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the post-conviction court for proceedings consistent with this opinion. Costs of this appeal are taxed against the State of Tennessee.