IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STACY DEWAYNE RAMSEY v. STATE OF TENNESSEE

**Appeal as of Right from the Circuit Court for Montgomery County
No. 40000072     John H. Gasaway, III, Judge**

---

**No. M2003-02969-CCA-R3-PC - Filed January 21, 2005**

---

Appellant, Stacy Dewayne Ramsey, filed a petition for post-conviction relief challenging his conviction for first degree murder and sentence of life without the possibility of parole. The petition was timely filed. Approximately two months after the petition was filed, the post-conviction court entered an order summarily dismissing the petition without a hearing. Appellant has appealed from this order, and the State concedes that the matter should be reversed and remanded for proceedings in accordance with Post-Conviction Procedure Act. We agree and accordingly, reverse the judgment of the post-conviction court and remand this matter for proceedings in accordance with the Post-Conviction Procedure Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Stacy Dewayne Ramsey, *pro se*, for the appellant.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and John Wesley Carney, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant, along with two co-defendants, was originally indicted by the Carroll County Grand Jury for one count of first degree murder. Subsequently, venue was changed in Appellant's case twice, with his trial ultimately being held in the Montgomery County Circuit Court. His conviction and sentence were affirmed on direct appeal, *State v. Stacy Dewayne Ramsey*, No. 01C01-9412-CCA-00408, 1998 WL 255576 (Tenn. Crim. App., at Nashville, May 19, 1998), *perm. app. denied* (Tenn. Jan. 25, 1999). Appellant timely filed a *pro se* petition for post-conviction relief in the Circuit Court of Montgomery County on January 24, 2000. On March 28, 2000, the post-conviction court entered an order, the entire substance of which is as follows: "In this case, the court

finds as follows: The Petition for Post Conviction Relief is hereby dismissed. IT IS SO ORDERED, this 24th day of March, 2000."

There is no certificate of service of the dismissal order. Approximately two years later, Appellant filed a pleading in the Carroll County Circuit Court inquiring as to the status of the case. It was after that proceeding was filed that he apparently found out that his case in Montgomery County had been dismissed. This Court entered an order waiving the timely filing of a notice of appeal from the March 24, 2000, order entered by the post-conviction court.

The *pro se* petition for post-conviction relief alleges, among other things, that as grounds for relief, Appellant was denied the effective assistance of counsel. There are various specific factual grounds alleged in the petition to support his claim of ineffective assistance of counsel.

Therefore, it is unclear why the trial court summarily dismissed the petition, especially in light of the fact that no reasons were given in the order dismissing the petition. When a petition for post-conviction relief is summarily dismissed without an evidentiary hearing, the "dismissal **shall** set forth the court's conclusions of law." Tenn. Code Ann. § 40-30-106(f) (emphasis added).

When venue of a criminal case has been granted, the "receiving court shall take cognizance of the cause, and proceed therein to trial, judgment, and execution, in all respects as if the indictment had been found in that court." Tenn. R. Crim. P. 21(i). Montgomery County Circuit Court became the convicting court following the last change of venue. Therefore, the post-conviction petition was required to be filed in the Circuit Court of Montgomery County within one year of the date of the final action of the highest state appellate court to which an appeal was taken. *See* Tenn. Code Ann. §§ 40-30-102(a), -104(a). Appellant complied with this requirement. In this case, the State concedes that Appellant had met all procedural requirements and had filed a colorable claim which is defined as a claim that "if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H).

Once a petition is filed, the trial court must determine whether the petition asserts a colorable claim. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). As stated above, a colorable claim is defined in Tennessee Supreme Court Rule 28, section 2(H) as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *See id.* Post-conviction relief is available only when "the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. If the facts alleged, taken as true, fail to state a colorable claim, the petition shall be dismissed. *See* § 40-30-106(f). However, if the petition does state a colorable claim, the court shall enter a preliminary order. *See* § 40-30-107(a). This order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. *See* § 40-30-107(b)(1). It shall also direct the petitioner or petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. *See* § 40-30-107(b)(2).

-2-

The order of the post-conviction court summarily dismissing Appellant's petition for post-conviction relief is reversed. This case is remanded to the Circuit Court of Montgomery County for proceedings in accordance with the Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101- 40-30-122.

## CONCLUSION

For the foregoing reasons, this case is reversed and remanded to the post-conviction court for proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE