IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 1, 2005 Session

## KELVIN LEE HOWARD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
**No. 004535      Joseph H. Walker, III, Judge**

---

**No. W2004-01123-CCA-R3-PC  - Filed May 23, 2005**

---

The petitioner, Kelvin Lee Howard, appeals from the post-conviction court's denial of post-conviction relief.  On appeal, he contends that he received the ineffective assistance of counsel which caused him to enter unknowing and involuntary guilty pleas.  Following our review, we affirm the judgment of the post-conviction court denying post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and James Curwood Witt, JJ., joined.

Cyburn H. Sullivan, III.(on appeal), Covington, Tennessee, and David S. Stockton, Assistant Public Defender (at trial), for the appellant, Kelvin Lee Howard.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James Walter Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Facts

On November 7, 2002, the petitioner pled guilty to theft of property between $1,000 and $10,000 and two counts of forgery.  On December 11, 2002, the trial court revoked the petitioner's probation received for prior identity and property theft convictions.  The trial court ordered the petitioner to serve his original eight-year sentence, then sentenced the petitioner as a persistent offender to ten years for the theft conviction and six years for each forgery conviction.  The trial court ordered the sentences to be served concurrently but consecutively to the petitioner's prior eight-year sentence for a total effective sentence of eighteen years.  The petitioner was given credit for time served.

On December 9, 2003, the petitioner filed a *pro se* petition for post-conviction relief. Post-conviction counsel was appointed, an amended petition was filed, and a hearing was held. At the hearing, the petitioner testified that trial counsel represented him at his guilty plea hearing and at his sentencing hearing. The petitioner stated that trial counsel explained the negotiated plea agreement to him, which indicated an eight to twelve year sentencing range for his theft of property conviction. The petitioner said that he read the plea agreement and signed it. According to the petitioner, he had no problems with trial counsel's representation but thought he would get an eight-year sentence. He said, "It's no discretion [sic] or anything against [trial counsel], just misunderstood on my part." The petitioner acknowledged that the plea agreement clearly indicated a sentencing range of eight to twelve years. The petitioner also acknowledged the fact that his sentences for theft and forgery had to be consecutive to his eight-year sentence for identity and property theft because he committed the theft of property and forgeries while on house arrest for his prior convictions.

The petitioner claimed that trial counsel told him "I could get eight years but the judge could give me more if I get charged with an enhancement or whatever." The petitioner also claimed that trial counsel told him that he would be released and put on parole after serving a year and six months. However, the petitioner admitted that trial counsel did not make any guarantee and told him that sentencing would be controlled by the judge. He said that trial counsel told him that "I could get eight, but the judge could give me more." The petitioner also admitted that he was guilty of the crimes to which he pled guilty and was convicted. Nonetheless, the petitioner stated "I'm trying, if the judge sees fit to give me any kind of leniency or relief or mercy, that's what I'm asking for." Following the evidentiary hearing, the post-conviction court entered an order denying post-conviction relief. The order stated in part:

> [The petitioner] testified that he went over the plea form, the waiver of a trial and waiver of appeal forms with his attorney and signed them. The plea form indicated that he faced punishment up to twelve years. The procedure and his rights were explained to him.
>     . . . .
>
> The petitioner was asked if he was satisfied with the representation of [trial counsel] and he stated he was. The petitioner testified that no one had forced him to enter this plea of guilty, and that he did not have any questions about the proceeding.
>
> The Court finds that the petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. . . .

## II. Analysis

On appeal, the petitioner contends that he received the ineffective assistance of trial counsel which caused him to enter unknowing and involuntary guilty pleas. Specifically, the petitioner

argues that his guilty pleas were unknowing and involuntary because he was not told by trial counsel that the State was required by statute to give ten-day notice of its intent to seek an enhanced sentence. According to the petitioner, had he been informed of this requirement, he could have expressed objection to the enhanced sentences and the outcome might have been different.

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this Court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 690-94 (1984); see also Arnold v. State, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. Strickland, 466 U.S. at 688; see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. When a petitioner pleads guilty, he must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

Initially, we note the petitioner's argument, that his guilty pleas were unknowing and involuntary because he was not informed of the ten-day notice requirement, is waived.[1] The petitioner did not include this issue in his original or amended petitions, and he failed to raise it at his post-conviction hearing. In addition, the petitioner does not cite to authority or reference the record when making this specific argument on appeal. Pursuant to The Post-Conviction Procedure Act, "[a] ground for relief is waived if the petitioner . . . failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Tenn. Code Ann. § 40-30-106(g). The Act also indicates that appeals from the denial of post-conviction relief are to be governed by the rules of appellate procedure. Tenn. Code Ann. § 40-30-116. The Advisory Comments to Rule 36 of the Tennessee Rules of Appellate Procedure indicates "that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error." Moreover, issues "which are not supported by argument, citation to authorities, or appropriate references to the record will be treated

---

[1] Tennessee Code Annotated section 40-35-202 requires that:
[i]f the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea.

as waived." Tenn. Ct. Crim. App. Rule 10(b). Accordingly, we conclude the petitioner has waived this issue on appeal.

Notwithstanding our conclusion of waiver, the petitioner failed to prove by clear and convincing evidence that he suffered prejudice by the State's failure to provide sufficient notice of its intent to classify the petitioner as a "persistent offender." See Tenn Code Ann. § 40-35-202. The plea hearing transcript clearly indicates that the trial court informed the petitioner that he would be entering his pleas as a Range III offender. Additionally, the petitioner acknowledged to the court that he understood his plea agreement, that he was not coerced into entering guilty pleas, and was satisfied with his trial counsel before entering his guilty pleas. Accordingly, the petitioner has failed to show that he was prejudiced, and therefore, this issue is also without merit.

With respect to the petitioner's overall claim of ineffective assistance of trial counsel, we conclude that the proof presented at the hearing does not preponderate against the trial court's findings. In fact, the petitioner admitted at the hearing that he received effective assistance of trial counsel, indicating only that he was not satisfied with the sentences he received. He admitted that he understood the plea agreement and knew that he faced punishment up to twelve years. He also indicated that he was satisfied with trial counsel's explanation of the potential consequences of his plea agreement. In short, the petitioner did not establish that he entered unknowing or involuntary guilty pleas as the result of the ineffective assistance of trial counsel.

### III. Conclusion

Accordingly, we affirm the post-conviction court's denial of post-conviction relief.

_____
J.C. McLIN, JUDGE