IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 18, 2008 Session

# JEFFERY MICHAEL MABERY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wilson County**
**No. 06-0432   J. O. Bond, Judge**

**No. M2008-00093-CCA-R3-PC - Filed October 2, 2008**

Petitioner, Jeffery Michael Mabery, pled guilty to one count of attempted especially aggravated robbery in exchange for a ten-year sentence. Subsequently, he filed a petition for post-conviction relief in which he argued that his guilty plea was unlawfully and involuntarily entered into and that he received ineffective assistance of counsel. The post-conviction court dismissed the petition, finding that it had no merit. Petitioner appeals. Although the notice of appeal in this case is untimely, we waive the timely filing of that document and reverse and remand for an evidentiary hearing on the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT W. WEDEMEYER, JJ., joined.

Harry A. Christensen, Lebanon, Tennessee, for the appellant, Jeffery Michael Mabery.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June of 2006, Petitioner was indicted by the Wilson County Grand Jury for two counts of attempted especially aggravated robbery and two counts of aggravated assault in case number 06-0432. At a guilty plea hearing on March 29, 2007, Petitioner pled guilty to three indictments.[1]

In case number 06-0432, Petitioner pled guilty to one count of attempted especially aggravated robbery in exchange for a ten-year sentence and dismissal of the other three charges. From the transcript, it appears that Petitioner's ten-year sentence was to run concurrently with the sentence in case number 06-0420, but consecutively to the sentence in case number 06-0744, for a total effective sentence of twelve years.[2] At the plea hearing, counsel for the State revealed that the facts would show the following as related to case number 06-0432:

> This is an incident that occurred on January 29th, 2006 in which officers responded to 316 North Cumberland Street in reference to a shooting.
>
> When they arrived, there were several officers there and they did find the Defendant . . . was present at the scene. They found inside the house, there were six Hispanic males that were inside and they asked them to come outside, and they did come outside of the residence, and an investigation began as far as what had happened.
>
> Two of the Hispanic males did have gunshot wounds. They were not life threatening or anything of that nature, but two of them were shot. Through further interviews that day with the Hispanic males and also through the statements of three other persons who had been previously to this incident, in the vehicle with [Petitioner], it was discovered that on this day, [Petitioner], Mr. Wilson, Ms. Donna Mize - - I'm sorry Tiffany Mize and Donna Hayes were driving around in a four door Chevy Cavalier and had had some discussions about possibly getting some money, and at some point, the idea came up of going to this residence where the Hispanics lived and to do a robbery there at that point.
>
> It was decided that that was going to be the plan, and the car went to that residence, and then at that time, [Petitioner], according to the statement of Ms. Hayes, [Petitioner] and Mr. Wilson exited the car, went into the residence, and

---

[1] The transcript from the guilty plea hearing indicates that the "remainder" of the indictments were to be nolle prossed. The record on appeal contains only the indictments from case number 06-0432. The guilty plea hearing refers to case numbers 06-0420 and 06-0744 in addition to case number 06-0432.

[2] Again, the record does not contain the indictments or judgments for case numbers 06-0420 or 06-0744. From the guilty plea transcript, it appears that in those case numbers Petitioner was charged with two counts of the sale of a Schedule II drug, forgery, and other crimes that were nolle prossed.

[Petitioner] had a hand gun that had been provided by Ms. Mize, and then once inside the residence, according to the Hispanics, demand for money was made.

The Hispanics did resist and two of the Hispanics ended up being shot as part of this. No money was actually taken, which is why it ended up being attempted especially aggravated robbery. One of the Hispanic males did receive medical treatment for the gun shot wound. The other declined medical treatment.

[Petitioner] was taken into custody, arrested some time later as the person who actually did the shooting, and Mr. Wilson, apparently, was not the shooter. It was [Petitioner]. And the Hispanic males who were interviewed, they did ID [Petitioner] as the one with the gun.

During the plea colloquy, Petitioner demonstrated that he agreed that he understood the plea agreement, and that the trial court again explained both the charges and the corresponding sentences. Petitioner admitted that he was satisfied with trial counsel's representation and that he had not been coerced into pleading guilty.

Subsequently, Petitioner filed a pro se petition for post-conviction relief on June 25, 2007. In the petition he alleged that the guilty plea was for two criminal convictions but that:

[A]fter signing the Guilty Plea documents without fully reading due to the trust I placed in my counsel. [sic] I learned that I had signed an [sic] Guilty Plea for (2) two additional criminal convictions that was [sic] indicated as being concurrently with the (2) two criminal convictions my counsel had made [sic] me aware of, and I had voluntarily enter [sic] an [sic] Guilty Plea too [sic].

In other words, Petitioner claimed that he received ineffective assistance of counsel and that his guilty pleas were not knowingly or voluntarily entered. An order in the record indicates that the post-conviction court appointed private counsel to represent Petitioner on July 18, 2007. On September 20, 2007, the post-conviction court entered an order finding that, after a review of the transcript of the guilty plea, the petition did not set out a colorable claim because:

Petitioner was fully advised of [the] nature and extent of his plea, his rights, and the consequences of his plea, on the record, and at the time he entered his plea and was questioned by the Court and his attorney regarding his understanding and voluntary entry of his plea of guilty and the effectiveness of his attorney in representing him on all matters for which he entered the plea.

The post-conviction court entered another order that removed the Public Defender from the case and appointed private counsel for Petitioner on November 26, 2007. It is unclear from the record why the trial court entered two separate orders appointing counsel and/or if the Public Defender's Officer was ever actually appointed to represent Petitioner.

-3-

Petitioner filed a notice of appeal through private counsel that was appointed by the trial court on December 20, 2007. On appeal, he challenges the post-conviction court's dismissal of the petition.

*Analysis*

On appeal, Petitioner claims that the post-conviction court improperly dismissed his petition for post-conviction relief. The State argues that Petitioner's appeal should be dismissed because the notice of appeal was untimely filed and the brief filed by Petitioner on appeal does not cite to the record or any authority to support his argument. However, the State concedes that the trial court erred in dismissing the petition because the allegations alleged in the petition, if taken as true, are cognizable in a post-conviction proceeding.

Petitioner's notice of appeal was filed on December 20, 2007, nearly ninety days after the post-conviction court entered an order dismissing the petition. However, the record in its current state without explanation by Petitioner, does not clearly indicate what transpired in the post-conviction court. The record seems to indicate that counsel for Petitioner was appointed at two different times to represent Petitioner. The notice of appeal was filed within thirty days of the second order that appointed counsel to represent Petitioner. An appeal as of right is initiated by the filing of a notice of appeal within thirty days of the entry of the judgment being appealed. Tenn. R. App. P. 3(e) & 4(a). It is the obligation of a defendant to perfect his appeal properly and/or to demonstrate that the interests of justice merit waiver of a late-filed notice of appeal. *See* Tenn. R. App. P. 4(a). It is clear that the filing of the notice of appeal herein is untimely. Petitioner provides no reason for the untimeliness of the notice and actually asserts that it was "timely filed." Further, despite receipt of the State's brief pointing out that Petitioner filed an untimely notice of appeal, Petitioner at this late date has not sought a waiver of the timely filing requirement pursuant to Tennessee Rule of Appellate Procedure 4(a). Despite the failure of Petitioner to remedy the untimeliness of the notice of appeal, we conclude that, in view of the State's concession that Petitioner should have received a hearing, the interests of justice demand a waiver of the timely filing of the notice of appeal in the case herein.

We also point out that Petitioner's brief fails to cite to the record and fails to include citations to relevant case law to support his argument. This is a sufficient basis for waiver of the issues on appeal. *See* Tenn. Ct. Crim. App. R. 10(b) (stating "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court"). However, we determine that the post-conviction court improperly dismissed the petition without an evidentiary hearing. Petitioner alleged that his guilty plea was unknowing and involuntary and that his attorney failed to inform him of the number of charges to which he was pleading guilty. These allegations, if taken as true, are cognizable in a post-conviction proceeding. *See* T.C.A. § 40-30-103; *Arnold v. State*, 143 S.W.3d 784-786 (Tenn. 2004). Therefore, the judgment of the post-conviction court is reversed and remanded. On remand, the post-conviction court should conduct an evidentiary hearing on the petition for post-conviction relief in order to ascertain whether Petitioner's allegations merit post-conviction relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed and remanded.

_____

JERRY L. SMITH, JUDGE