IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2010

## HAROLD K. GAUSE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-02284     John T. Fowlkes, Jr., Judge**

---

**No. W2009-01221-CCA-R3-PC  - Filed August 10, 2010**

---

The petitioner, Harold Gause, appeals the summary dismissal of his petition for post-conviction relief.  He entered a plea of guilty to reckless driving on April 30, 2003, in exchange for a sentence of seventeen days, which he had already served.  He filed a petition for post-conviction relief on April 15, 2009.  On appeal, he argues that:  it was improper for the post-conviction court to summarily dismiss the petition; his allegations established a colorable claim for relief; the State failed to adequately answer the allegations contained in his petition; and this court should take judicial notice of the petitioner's complaint filed with the Board of Professional Responsibility regarding the representation of trial counsel.  After careful review, we affirm the summary dismissal from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Harold K. Gause, Humble, Texas, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

During the petitioner's guilty plea hearing on April 30, 2003, the following facts were submitted to address the events underlying the entry of the plea. On February 9, 2001, police officers observed the petitioner make a wide turn while operating a motor vehicle and almost strike a parked vehicle.  The officers executed a traffic stop, detected an odor of alcohol, and observed that the petitioner appeared to be under the influence of an intoxicant.  The

petitioner refused to take a breath test or field tests and refused to provide a blood sample. The petitioner resisted being handcuffed and struggled with the officers. After a review of the videotape from the scene, the State acknowledged that they could not meet their burden of proof to indicate that the petitioner was under the influence of an intoxicant at the time of the traffic stop and, instead, agreed to a plea of guilty to reckless driving.

The petitioner entered a plea of guilty to reckless driving and was sentenced to seventeen days, which he had already served. Almost six years later, on April 15, 2009, he filed a petition for post-conviction relief that alleged numerous errors, including that his plea was coerced and that it was involuntarily and unknowingly entered. The State filed a motion to dismiss the petition, arguing that the petitioner failed to state a factual basis for his allegations. On May 15, 2009, the State filed a motion to dismiss the petition for post-conviction relief. On the same day, the trial court summarily dismissed the petition, stating that "[b]ased upon the petition, the State's Motion to Dismiss, and the entire record, it is held that the petition fails to conform to the minimum requirements set out in [Tennessee Code Annotated section] 40-30-104, which governs petitions for post-conviction relief." This appeal followed.

Analysis

On appeal, the petitioner argues that the post-conviction court improperly dismissed his petition for relief. Tennessee Code Annotated section 40-30-106(f) states that "[u]pon receipt of a petition in proper form . . . the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Here, the post-conviction court held that the petition failed to conform to the minimum requirements of Tennessee Code Annotated section 40-30-104. Specifically, the petition for post-conviction relief failed to include allegations of fact to support each claim for relief. The petition for post-conviction relief contained bare allegations without supporting facts.

As part of a petition for post-conviction relief, a petitioner must include allegations of fact to support each claim for relief set forth in his petition and must explain why each ground for relief was not presented in any earlier proceeding. T.C.A. § 40-30-104(e). The petition must be clear and must contain a specific statement of all grounds upon which relief is sought, including a full disclosure of the factual bases of those grounds. Bare allegations that constitutional rights have been violated and mere conclusions of law are not sufficient to warrant further proceedings. The failure to state a factual basis for the grounds alleged shall result in dismissal of the petition. T.C.A. § 40-30-106(d). The trial judge has the discretion to allow the petitioner to file an amended petition that complies with the

-2-

requirements of the statute, but the judge is not required to allow the amended petition. *Id.*

Whether it is appropriate for a trial court to summarily dismiss a petition for post-conviction relief without allowing a petitioner the opportunity to amend or appointing counsel depends on whether the petition states a colorable claim. *Arnold v. State,* 143 S.W.3d 784, 786 (Tenn. 2004). A colorable claim is one "that, if taken as true, in the light most favorable to [the] petitioner, would entitle [the] petitioner to relief under the Post-Conviction Procedure Act." *Arnold*, 143 S.W.3d at 786 (quoting Tenn. Sup. Ct. R. 28, § 2 (H)). "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." T.C.A. § 40-30-106(f).

The State argues that the trial court properly dismissed the petition because the petitioner failed to clearly state the grounds upon which he sought relief. The petitioner claims that trial counsel was ineffective in advising him of a choice to plead guilty or go to trial and claims that the trial court, the State, and trial counsel colluded against him to coerce a guilty plea. He also argues that he did not know that he was pleading guilty to reckless driving. However, he did not support these allegations with fact, and the post-conviction court properly dismissed the petition for failure to conform to the requirements for relief.

The State also argues that the petition for post-conviction relief was properly dismissed because the petitioner failed to verify the petition under oath. The Post-Conviction Procedure Act requires that the petition shall be verified under oath. *See* T.C.A. § 40-30-104(e); *see also Sexton v. State*, 151 S.W.3d 525, 530 (Tenn. Crim. App. 2004). The State submits that this court has previously affirmed the summary dismissal of a post-conviction petition for failure to include a sworn verification. *See Charles Montague v. State,* No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692, at *5 (Tenn. Crim. App. at Knoxville, Sept. 4, 2001). However, this court has also reversed the summary dismissal of a petition for post-conviction relief when the petitioner was not notified that his failure to verify a petition under oath could result in its dismissal. *See Jerry Timberlake v. State*, No. W2008-00037-CCA-R3-PC, 2009 Tenn. Crim. App. LEXIS 84, at *8 (Tenn. Crim. App. at Jackson, Feb. 5, 2009). This issue was not raised by either the petitioner or the State at the post-conviction court level, and it is raised for the first time on appeal. Because the post-conviction court summarily dismissed the petition on other valid grounds, we conclude that the dismissal of the petition was proper without need to allow the petitioner to include a sworn verification.

Finally, we note that the petition for post-conviction relief was filed six years after the petitioner entered his guilty plea to reckless driving. Pursuant to Tennessee Code Annotated section 40-30-102(a), a petitioner must petition for post-conviction relief within one year of

the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. An untimely petition for post-conviction relief is subject to summary dismissal. T.C.A. § 40-30-106(b). Here, the State did not raise the untimely filing of the petition. However, because we affirm the summary dismissal, there is no need for a remand.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE