# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs September 14, 2010

## LINDA BLAIR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-04687    Paula Skahan, Judge**

---

**No. W2010-00627-CCA-R3-PC  - Filed November 18, 2010**

---

The petitioner, Linda Blair, pled guilty to TennCare fraud, a Class E felony, in May 2007. She subsequently filed a petition for post-conviction relief, alleging that she entered the guilty plea unknowingly due to ineffective assistance of counsel. She now appeals the post-conviction court's denial of relief. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

C. Anne Tipton, Memphis, Tennessee, for the appellant, Linda Blair.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Bryan Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

On May 26, 2006, a Shelby County grand jury indicted the petitioner, Linda Blair, for theft of property over $10,000, a Class C felony, and TennCare fraud, a Class E felony. The petitioner entered a plea agreement with the District Attorney General to plead guilty to TennCare Fraud in exchange for dismissal of the theft of property charge and recommendation of a two-year suspended sentence with three years of probation. As a condition of probation, the petitioner agreed to pay restitution to the State of Tennessee for $12,271.95.

At the guilty plea hearing on May 31, 2007, the state asserted the following factual basis for the plea:

> The facts in this matter are that between the period of August [21, 2003] and December [31, 2004], [the petitioner] had health care coverage, specifically some surgeries paid for by the State of Tennessee through TennCare totaling $12,271.95[,] and at that time she actually had gainful employment with Methodist Le Bonheur Children's Hospital. She had started on July [21, 2003]. She became eligible for her [own] insurance coverage through her employer [thirty] days after that hire date and . . . she declined in a signed form . . . on August [21, 2003] to enroll in a health care coverage and subsequently had TennCare pay for the aforementioned surgeries. [The State of Tennessee says] that . . . $12,271.95 would reflect the accurate amount of restitution to the state.

The trial court found that the petitioner entered the guilty plea freely and voluntarily. The court accepted the agreement and sentenced the petitioner to a suspended sentence of two years in the Shelby County Correctional Center and three years of probation. The court further ordered her to pay restitution of $12,271.95.

The petitioner did not file a direct appeal.

On May 20, 2008, the petitioner sent a letter to the trial court alleging that she entered the plea unknowingly due to ineffective assistance of counsel. The trial court appointed counsel for the petitioner on May 28, 2008. The petitioner, through counsel, filed a petition for post-conviction relief on May 30, 2008.

The post-conviction court held an evidentiary hearing on July 24, 2009, at which the petitioner and trial counsel testified.

The petitioner testified that the trial court appointed trial counsel to represent her after declaring her indigent. She said that she met with trial counsel at his office twice and spoke with him by telephone and at court appearances. The petitioner said that her job as an over-the-road truck driver made scheduling appointments with counsel difficult. The petitioner testified that counsel gave her the discovery material, and she had the opportunity to review it. At the second office meeting with counsel, the petitioner pointed out the discrepancies between the discovery documents that the state gave to counsel and the paperwork that she had, but she felt that she and counsel were not in agreement about the discrepancies. The petitioner said that counsel advised her that her case was about the restitution rather than time

in jail. The petitioner testified that her understanding when entering the plea agreement was that she would pay the restitution, the court would suspend the sentence, and she would not have a conviction on her record. She explained that she had to be insured in order to drive trucks, so she told counsel that "no one [would] insure [her] with a theft charge on [her] record." The petitioner testified that she would have gone to trial if she had known that pleading guilty would result in a felony on her record. She said that she felt she had a good chance with a jury because of the discrepancies in the documents and testimony from co-workers. The petitioner testified that she had no legal training and relied solely on counsel's legal advice and opinions. The petitioner stated that she learned that she had a felony conviction when she changed employers. The new employer did a background check and released her when they discovered the felony conviction.

On cross-examination, the petitioner acknowledged that she knew she was pleading guilty and that she told the trial court that she was entering the plea freely and voluntarily. She said that counsel explained the guilty plea documents to her and that she read the documents closely enough to honestly tell the trial court that she read them, despite not reading the documents word-for-word. The petitioner said that she knew that the state was dismissing the theft of property charge. She further said that counsel told her that the charge would be TennCare fraud and that she would have to pay restitution. She testified that she received probation as a result of her plea and that she met with a probation officer. The petitioner further said that, at the time of her guilty plea, she knew that a condition of her employment was to not have any convictions. She said that she knew what she was doing when she plead guilty, which was "trying to close the case so [she] could go on with [her] life." The petitioner testified that she made a complaint to the public defender's office about trial counsel not returning phone calls, but she said that she did not express to him that she was dissatisfied with his representation.

In response to examination by the post-conviction court, the petitioner said that she had been in court several years before, but in that case, the state told her that if she stayed out of trouble for eleven months and twenty-nine days, that they would dismiss her case. She testified that she complied. The parties stipulated that the petitioner entered a Memorandum of Understanding with the state in a previous case that suspended prosecution of the case through Attorney General Diversion.[1]

Trial counsel testified that he became an attorney in 1984. He had worked at the public defender's office since 1991. He testified that he filed discovery motions in the petitioner's case, and he gave the petitioner copies of the documents given to him by the state. They met in his office to review the discovery material after she had an opportunity

_____

[1] The parties entered the stipulation on October 27, 2009.

to review it. Counsel testified that the petitioner admitted most of the allegations the state made against her, but they were trying to negotiate the amount of restitution. Counsel said that the petitioner was concerned about having a theft of property conviction on her record, so he worked to get that charge dismissed. Counsel testified that he explained to petitioner that the state charged her with two felonies, and he reviewed the indictment with her. On the day that the petitioner entered the guilty plea, counsel said that he went over the judgment sheets, petitions, and orders with her. He also explained her rights to her by going over the plea waiver form. He told her that the guilty plea could be used to enhance punishment for another conviction. Counsel told her that she would be pleading guilty to TennCare fraud but not to theft of property. Counsel testified that the petitioner never indicated that she did not understand what she was doing. Concerning the petitioner's complaint regarding a missed phone call, counsel said that he tried to call the petitioner back every time he saw a message from her but that he was not always successful in reaching her. Counsel testified that he thought he put forth his best effort in his representation of the petitioner and that she appeared satisfied with the result at the time. He said that he was sure that he advised her of the consequences of pleading guilty because he always advised clients in that regard.

On cross-examination, counsel said that prior to the petitioner's plea, the case was in a negotiation posture. He would have proceeded to trial if the negotiation was not successful. Counsel testified that he explained to her that she was pleading to a felony by going over the judgment sheet with her, which lists the class of felony. Counsel said that the petitioner made clear that she did not want a theft charge on her record but did not emphasize that she did not want a felony on her record.

After the parties presented their proof, the post-conviction court took the matter under advisement. On November 10, 2009, the post-conviction court filed an order denying post-conviction relief, and the petitioner subsequently filed a timely notice of appeal.

**Analysis**

On appeal, the petitioner asserts that she did not enter her guilty plea knowingly and voluntarily due to trial counsel's ineffective assistance. Specifically, she argues that trial counsel did not inform her that, as a consequence of pleading guilty, she would have a felony conviction on her record.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this court is bound to the post-conviction court's findings of fact unless the evidence preponderates against those findings. *State v. Burns,* 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings is *de novo* with a presumption that the

findings are correct. *Fields v. State,* 40 S.W.3d 450, 457-58 (Tenn. 2001). Our review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Id.*

When determining the knowing and voluntary nature of the guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970). *See also State v. Pettus,* 986 S.W.2d 540, 542 (Tenn. 1999). The reviewing court must look to various circumstantial factors, including:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as the result of his guilty plea and conviction." *Id.* at 905. A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

To establish the ineffective assistance of counsel, the petitioner bears the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). *See also Arnold v. State,* 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland,* 466 U.S. at 688. *See also Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). A fair assessment of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. *See also Nichols v. State,* 90 S.W.3d 576, 587 (Tenn. 2002). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance

of counsel. *Goad v. State,* 938 S.W.2d 363, 369 (Tenn. 1996). Once the petitioner proves that counsel's representation fell below a reasonable standard, the petitioner must also prove prejudice. *Strickland,* 466 U.S. at 694. In relation to a guilty plea, the petitioner must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Adkins v. State,* 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

The petitioner claims that trial counsel provided ineffective assistance by not informing her of the consequences of pleading guilty, namely that she would have a felony on her record and could lose her job, and, consequentially, she pled guilty unknowingly and involuntarily. "However, neither our federal nor state constitution requires that an accused be apprised of every possible or contingent consequence of pleading guilty before entering a valid guilty plea." *Ward v. State*, 315 S.W.3d 461, 466-67 (Tenn. 2010). Trial counsel's testimony, accredited by the post-conviction court, established that he informed the petitioner that TennCare fraud was a felony. The judgment sheet, signed by the petitioner, clearly indicated that TennCare fraud was a Class E felony. The probation order, likewise signed by the petitioner, stated that the petitioner had "**BEEN CONVICTED** of the **OFFENSE OF** TennCare fraud." (emphasis in original) Based on this evidence, we conclude that trial counsel informed the petitioner that a direct consequence of her guilty plea would be a felony conviction.

The petitioner argues that trial counsel's representation was ineffective because he did not advise the petitioner that she could lose her employment as a result of the felony conviction. However, as this court has previously held, failure to inform a defendant of the collateral consequences of a guilty plea does not rise to the level of ineffective assistance of counsel. *See Bautista v. State*, 160 S.W.3d 917, 921 (Tenn. Crim. App. 2004) (overruled on other grounds by *Padilla v. Kentucky*, --- U.S. ----, 130 S. Ct. 1473, 176 L.Ed.2d 284 (2010) (holding that counsel provided ineffective assistance by advising client that he would not face deportation when immigration law clearly stated that deportation was a mandatory, immediate consequence of pleading guilty)). In our view, the petitioner's subsequent loss of employment was a collateral consequence of the guilty plea. *See Ward*, 315 S.W.3rd at 467 ("The distinction between a collateral and a direct consequence has often been formulated as turning on 'whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" (quoting *Bautista*, 160 S.W.3rd at 921)). Furthermore, the petitioner testified that she knew at the time of her guilty plea that a condition of her employment was that she not have any felonies, and as previously stated, trial counsel informed her that she was pleading guilty to a felony. We conclude that the petitioner has not shown that she entered her guilty plea unknowingly and involuntarily as a result of receiving ineffective assistance of counsel. Therefore, she is without relief in this matter.

**Conclusion**

Based on the foregoing reasons, we affirm the judgment of the post-conviction court.


_____
J.C. McLIN, JUDGE