IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2011

## CARL BOST v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 91672    Bob R. McGee, Judge**

_____

**No. E2010-01725-CCA-R3-PC - Filed June 7, 2011**

_____

The petitioner, Carl Bost, pleaded guilty to possession with intent to sell cocaine, a Class C felony, and attempted aggravated burglary, a Class D felony, in exchange for a cumulative sentence of six years, to be served in the Tennessee Department of Correction as a Range I, standard offender. He filed for post-conviction relief, which was denied by the post-conviction court. On appeal, he argues that he entered his plea unknowingly, involuntarily, and unintelligently due to ineffective assistance of counsel. Following our review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Carl Bost.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Deborah Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

The petitioner, Carl Bost, entered guilty pleas to possession with intent to sell cocaine, a Class C felony, and attempted aggravated burglary, a Class D felony, on May 12, 2008, in Knox County. The state averred that if the matter had gone to trial, the state would have presented the following factual basis for the pleas:

Officer [Benjamin] McVey [of the Knoxville Police Department] would testify that he received a call from the victim, [Boise] Robinson, stating that he returned from a month long stay out of town to find that the screen door was locked. [Mr. Robinson] said that he had never locked the screen door.

It was an apartment of KCDC property. The maintenance person there opened the apartment with the consent of the victim. They found [the petitioner] asleep inside the apartment. It had been described as – what the witness described as ransacked. They also found some items that were missing[:] a washer and dryer and a bedroom set.

The victim says he knows the [petitioner] in this case, but he never gave [the petitioner] permission to be in his apartment. There would be further proof that all of these events occurred here in Knox County.

As to count two of this information, Officers Joe Essensio (sic) and Tony Hall would testify that on March the 11th of 2008 that . . . [at] about 1:30 in the morning[,] they were in the area of Virginia Avenue in an unmarked police car and working in an undercover fashion. They would testify that the defendant approached them and stated that a rock would be $20.00 [and] [t]hat he began to walk around the car to the passenger side. Officer Hall took him into custody [and performed a] search incident to arrest. They understood [the petitioner's statement to refer to] a rock of cocaine for $20.00, which is typically what a rock sells for.

When they took him into custody, [pursuant to a] search incident to arrest they found two clear baggies with crack cocaine in it, and two rocks of crack cocaine in his right front pocket.

There would be further proof that they also found a metal crack pipe on him as well. Their testimony would be the conversation they had with [the petitioner] was for the sale of this crack cocaine. There would be further proof that all of this happened here in Knox County.

The state told the court that the petitioner was entering the guilty pleas in exchange for two years for the burglary charge and four years for the drug charge and that the agreement was that he would serve the sentences consecutively. The petitioner agreed that this represented his understanding of the agreement. He stated before the court that counsel reviewed the plea agreement with him and that he understood it. He acknowledged his rights as the court explained them and waived them. The petitioner twice more acknowledged that

his sentence under the plea agreement would total six years. The petitioner stated that he was satisfied with counsel's services and that counsel had explained the punishment that the petitioner faced by pleading guilty. The petitioner testified that he could read and write and did not have any trouble hearing what was being said in the courtroom.

On September 5, 2008, the trial court heard the petitioner's request for enhanced probation. The trial court placed the petitioner on enhanced probation for the two-year sentence for attempted aggravated burglary.

On May 15, 2009, the petitioner filed for post-conviction relief from his four-year sentence for the possession of cocaine with intent to sell, alleging that he was denied the effective assistance of counsel, that he entered the guilty plea involuntarily, and that the prosecution did not disclose favorable evidence to the petitioner. On June 1, 2009, the post-conviction court appointed an attorney to represent the petitioner, and appointed counsel subsequently filed an amended petition for post-conviction relief on June 22, 2009.

The post-conviction court held a hearing on the petition on July 29, 2010. The petitioner testified that the court appointed counsel to represent him approximately two months prior to the date he entered his pleas. He testified that counsel met with him three or four times during those two months. The petitioner said that counsel explained to him that he was indicted for "violating a drug-free school zone with schedule II crack cocaine, and aggravated burglary," and also explained the range of punishment possible for each. He testified that he told counsel that his defense for the drug charge was that the drugs were fake. He said that counsel never showed him a toxicology report. The petitioner stated that he assumed that the sentences would run concurrently. He testified that if he had known that he would serve six years, he would have gone to trial.

On cross-examination, the petitioner testified that he recognized the plea form he signed and acknowledged that the plea form stated that the sentences were consecutive. The petitioner agreed that counsel's negotiations with the state resulted in reduced charges with sentence recommendations in the lower end of the range and in the dismissal of seven pending charges. The petitioner agreed that he incurred nine new misdemeanor charges between the plea hearing and the hearing on his application for enhanced probation, as well as two additional charges after that hearing.

Counsel testified that he was licensed to practice law in 2007. He stated that he met with the petitioner four times at the detention center. Counsel testified that he reads plea agreements word for word for every client, including the petitioner, and he believed that the petitioner understood that he was agreeing to serve six years. Counsel testified that he had

no recollection of the petitioner's telling him that he had a valid defense to the drug charge.

On cross-examination, counsel testified that he discussed possible defenses with the petitioner. He said that he was able to negotiate down the petitioner's burglary charge because he canvassed the neighborhood around the victim's apartment, took photographs, and spoke with the director of the property. He was able to negotiate down the drug charge because he interviewed the reverend at the ministry center, who acknowledged that there was not a daycare center on the premises. Counsel said that he would not have allowed the petitioner to plead to a drug charge if he thought that the petitioner had a defense that the drugs were fake.

On re-direct examination, counsel testified that he could not recall whether the state had a toxicology report on the drugs seized in this case.

The post-conviction court denied relief, finding that counsel provided "very effective" assistance.

**Analysis**

On appeal, the petitioner argues that he entered his plea unknowingly, involuntarily, and unintelligently due to ineffective assistance of counsel. Specifically, the petitioner states that he did not know he was agreeing to serve six years and that counsel did not pursue the defense that the items seized by the police were not narcotics.

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's

factual findings is *de novo* with a presumption that the findings are correct. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001). Our review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Id.*

To establish ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Id.* at 697; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Also, a fair assessment of counsel's performance, "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. *Goad*, 938 S.W.2d at 369. However, deference is given to strategy and tactical decisions only if the decisions are informed ones based upon adequate preparation. *Id.* (citations omitted).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

When determining the knowing and voluntary nature of a guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see also State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). The reviewing court must look to various circumstantial factors, including:

the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as the result of his guilty plea and conviction." *Id.* at 905. A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Based on counsel's testimony, as accredited by the post-conviction court, his representation of the petitioner was effective. He thoroughly investigated the petitioner's case, negotiated a reduction in the petitioner's charges, and achieved the dismissal of seven pending charges against the petitioner. While the petitioner testified that he told counsel that the items seized by the police were not narcotics, the post-conviction court accredited counsel's testimony that the petitioner did not inform him of this potential defense. As for the petitioner's belief that he was agreeing to serve four years, the transcript of the plea hearing reveals that the petitioner acknowledged three times that the agreed-upon sentence was six years. Nothing in the record indicates that the petitioner entered his plea unknowingly or involuntarily. We conclude that the petitioner has not proven the allegations of his petition by clear and convincing evidence; therefore, he is without relief in this matter.

## Conclusion

Based on the foregoing reasons, we affirm the denial of post-conviction relief.

_____

J.C. McLIN, JUDGE