IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 5, 2010 Session

## LAWRENCE EARL WADE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-09-264     Roger Page, Judge**

---

**No. W2009-02663-CCA-R3-PC  - Filed December 14, 2010**

---

The petitioner, Lawrence Earl Wade, pled guilty pursuant to a negotiated plea agreement to first degree murder and especially aggravated robbery.  Pursuant to the plea agreement, the petitioner agreed to a sentence of fifteen years for the robbery charge and to a life sentence for the murder charge.  On appeal from the post-conviction court's denial of relief, the petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to investigate his mental history and that he did not knowingly and voluntarily enter his guilty pleas.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Magan N. White, Jackson, Tennessee, for the appellant, Lawrence Earl Wade.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; James G. Woodall, District Attorney General; and Benjamin Caldwell Mayo and Alfred Lynn Earls, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

#### Background

The petitioner, Lawrence Earl Wade, pled guilty pursuant to a negotiated plea agreement to first degree murder and especially aggravated robbery.  Pursuant to the plea agreement, the petitioner agreed to a sentence of fifteen years for the robbery charge and to

a life sentence for the murder charge. On appeal from the post-conviction court's denial of relief, the petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to investigate the extent of his intoxication when he committed the offenses as well as when he confessed, his past drug use and mental history, and that he did not knowingly and voluntarily enter his guilty pleas.

**Analysis**

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 450, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings is *de novo* with a presumption that the findings are correct. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn, 2001). Our review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Id*.

When determining the knowing and voluntary nature of the guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 1 S. Ct. 160, 27 L.Ed.2d 162 (1970). *See also State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). The reviewing court must look to various circumstantial factors, including:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as the result of his guilty plea and conviction." *Id.* at 905. A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

To establish the ineffective assistance of counsel, the petitioner bears the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance

prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). *See also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688. *See also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). A fair assessment of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. *See also Nichols. v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. *Goad v. State*, 938 S.W.2d 363,369 (Tenn. 1996). Once the petitioner proves that counsel's representation fell below a reasonable standard, the petitioner must also prove prejudice. *Strickland*, 466 U.S. at 694. In relation to a guilty plea, the petitioner must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985); *Adkins v. State*, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

In this case, petitioner has failed to meet the burden of proving that his trial counsel's performance was deficient by clear and convincing evidence. There is no indication from the record that the performance of the  petitioner's trial counsel did not meet an objective standard of reasonableness. The petitioner's trial counsel did, in fact, seek a mental health evaluation for the petitioner. The results showed that the petitioner was malingering and that he was not incapacitated at the time he confessed to police. Further, even if the petitioner had shown that his trial counsel's performance was deficient, the petitioner has made no showing that the deficient performance was prejudicial.

The petitioner argues that his trial counsel failed to investigate and present any mitigating factors at his sentencing. However, pursuant to the plea agreement, the petitioner received the minimum sentence for first degree murder, making any further mitigating factors unnecessary.

The petitioner further argues that he did not knowingly and voluntarily enter his guilty plea. The evidence, however, suggests otherwise. At the plea hearing, the petitioner told the trial court that he understood the charges against him, the plea agreement, and the range of punishment for the offenses. The trial court repeatedly asked the petitioner if he understood what he was doing, and the petitioner stated that he did. When asked if his plea was knowing

and voluntary, the petitioner answered affirmatively. The petitioner, in declaring that his plea was knowing and voluntary, has created a formidable barrier that petitioner has failed to overcome.

Based on the forgoing reasons, we conclude that the petitioner's claim is without merit and we affirm the denial of post-conviction relief.

                        _____

                        J.C. McLIN, JUDGE