# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 26,  2011

## CHARLES NASH v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Hamilton County
### No. 277377      Don W. Poole, Judge

---

### No. E2010-02083-CCA-R3-PC - Filed June 10, 2011

---

Following a jury trial, the Petitioner, Charles Nash, was convicted of first degree murder and especially aggravated robbery.  This Court affirmed his convictions on direct appeal.  See State v. Charles Nash, No. E2008-00951-CCA-R3-CD, 2009 WL 2461178 (Tenn. Crim. App., Knoxville, Aug. 12, 2009), perm. to appeal denied, (Tenn. Mar. 1, 2010).  The Petitioner filed a timely petition for post-conviction relief, however, the post-conviction court summarily dismissed it without conducting an evidentiary hearing.  In this appeal, the Petitioner contends that he presented colorable claims in his petition and that the post-conviction court erred when it dismissed his petition without an evidentiary hearing.  The State concedes that the trial court erred.  We agree and remand to the post-conviction court for proceedings consistent with the Post-Conviction Procedure Act.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Charles Nash, Appellant, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Petitioner's convictions stem from the robbery and killing of a Chattanooga convenience store clerk. Nash, 2009 WL 2461178, at *1. The Petitioner later gave a statement to police, implicating himself in the crime. Id. at *3. In the Petitioner's direct appeal, he argued only "that he unequivocally invoked his right to counsel before the statement began, thus rendering the statement violative of his Fifth Amendment protection against self-incrimination." Id. at *1. This Court noted that the transcript from the suppression hearing in which the Petitioner first raised this issue was not included in the appellate record. Id. However, we concluded that, based on the recording and transcript of the Petitioner's statement to the police, "the [Petitioner] did not articulate his request for counsel with such clarity that a reasonable police officer would believe his statement to be a request for an attorney." Id. at *5.

In the Petitioner's post-conviction petition, under the "Grounds of Petition" section, he marked that the following grounds applied to his case: (2) Conviction was based on use of coerced confession; (5) Conviction was based on a violation of the privilege against self-incrimination; (6) Conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant; (9) Denial of effective assistance of counsel; (10) Newly discovered evidence; and (12) Other grounds. The Petitioner attached a rather impressive eighty-five-page memorandum of law in support of his petition for post-conviction relief. In the memorandum of law, he articulated the following issues:

1. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to fully investigate the case in relation to the laws and facts, and properly argue the motion to suppress and/or alternatively argue the motion to suppress Nash's pre-trial statement under Missouri v. Seibert, 542 U.S. 600, 124 S. Ct. 2601, 159 L. Ed. 2d 643 (2004) and other controlling and relevant decisions.

2. A. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel due to trial counsel's failure to object and/or request a mistrial due to the numerous instances of prejudicial and improper comments and conduct by the prosecutor in his case.

B. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's

failure to raise the numerous issues of improper conduct and comments of the prosecutors as plain error on motion for new trial and direct appeal.

3.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel due to counsel's failure to fully investigate the case inclusive of the laws and facts relating to the case and properly present a defense of duress and/or necessity utilizing available witnesses and evidence in support thereof; as well as failed to request an instruction from the court covering said defense(s).

4.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's suggestion to Nash not to testify and failure to give Nash informed advice based upon the law and facts of his case as to testifying.

5.  A.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel due to counsel's failure to object, request a mistrial and/or curative instruction based upon the prosecution's misrepresentation to the jury that death qualified as the element of serious bodily injury which effectively constructively amended the indictment in the case and/or resulted in conviction for especially aggravated robbery.

B.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to raise an issue on motion for new trial and direct appeal the prosecution's constructive amendment to the especially aggravated robbery indictment.

6.  A.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel due to counsel's failure to fully investigate the case including records in the possession of the Chattanooga Police Department relating to former Investigator-Detective Kenneth Freeman and his disciplinary and other history with the department, as well as other evidence all which would have been valuable in calling into question and challenging Freeman's credibility not only in the motion to suppress but at trial and sentencing.

B.  Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to raise as an issue on motion for new trial and direct appeal the prosecution's suppression of exculpatory evidence relating to the Chattanooga

Police Department disciplinary history of key prosecution witness former Chattanooga Police Department Detective Kenneth Freeman.

7. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to strike the defense's motion to consolidate in order to allow Nash to be tried and evidence introduced relating to the armed robbery committed by Nash at the Southland Market, a mile or so away, and within ten to fifteen minutes of the second robbery herein.

8. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to investigate by contacting a gang expert, psychologist, and/or other available expert, as well as move the court for funds to obtain an expert witness/services, in order to properly set forth to the jury evidence relating to the defense of duress-necessity by showing typical drug and gang related activity is to threaten individuals with harm-death to themselves and/or family members if money is not paid and as well to show the fear such threats can have on a person thereby at times causing a rational person, especially a young teenager, to act in an irrational manner as in Nash's case.

9. A. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to request that the trial court instruct the jury on the offense of voluntary manslaughter.

B. Nash was denied his Sixth Amendment right to counsel under the United States Constitution due to counsel's failure to raise as an issue the trial court's failure to instruct the jury on the offense of voluntary manslaughter.

10. Nash was denied his Sixth Amendment right to counsel and the effective assistance of counsel under the United States Constitution due to counsel's failure to raise as an issue on motion for new trial and direct appeal the prosecution's suppression of evidence in the form of the video tape of the armed robbery by Nash at the Southland Market which occurred minutes before the robbery at the Okie Dokie Store.

In addition to the ineffective assistance of counsel claims, the Petitioner also asserted that his Fourteenth Amendment right to due process was violated because prosecutors suppressed

information concerning the disciplinary history of Detective Freeman, knowingly introduced false and misleading evidence, and suppressed exculpatory evidence.

On September 15, 2010, the post-conviction court filed an order summarily dismissing the Petitioner's petition for post-conviction relief, which stated, in part, as follows:

> Upon preliminary consideration of the petition pursuant to Tenn. Code Ann. § 40[-]30[-]106, the [c]ourt finds that, though it is timely and complete, it does not state a colourable claim. The claim of the inadmissibility of the [P]etitioner's statement, on which all of the other claims in the petition apparently depend in whole or part, has been previously determined. Even the issue of prejudice from the omission of the transcript of the second suppression hearing from the record on appeal, on proof of which the claim of ineffective assistance of counsel depends in part, has been previously determined.

The Petitioner now appeals.

**Analysis**

The Petitioner contends that the issues he presented in his petition for post-conviction relief represented colorable claims and that the post-conviction court erred when it summarily dismissed his petition. The State agrees that the post-conviction court incorrectly dismissed the petition.

The issue before us is a question of law and, therefore, this Court reviews the post-conviction court's dismissal of the petition de novo. Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004). Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. In pertinent part, the Post-Conviction Procedure Act states as follows:

> (f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.
>
> . . . .

(h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(f), (h); see also Tenn. S. Ct. R. 28 § 2(H) ("A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.").

When the claims in the Petitioner's post-conviction relief petition are taken as true, in the light most favorable to the Petitioner, we conclude that the petition states a claim that would entitle the Petitioner to relief under the Post-Conviction Procedure Act. Moreover, we have reviewed the petition for relief, as well as this Court's opinion in the Petitioner's direct appeal, and we cannot conclude that any of the issues the Petitioner presents regarding the ineffective assistance of counsel, nor the denial of his due process rights, have been previously determined. Therefore, we remand this case to the post-conviction court for the appointment of counsel and for an evidentiary hearing.

**Conclusion**

Based on the foregoing authorities and reasoning, we reverse the summary dismissal of the Petitioner's post-conviction relief petition and remand for the appointment of counsel and for an evidentiary hearing.

_____
DAVID H. WELLES, JUDGE