IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2019

**JEFFERY YATES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 02-00754       Chris Craft, Judge**

_____

**No. W2018-02246-CCA-R3-PC**
_____

In this procedurally complex and litigious case, the Petitioner, Jeffery Yates, was convicted in three sets of convictions, 1993, 1994, and 2003, of: (1993) especially aggravated kidnapping, attempted aggravated robbery, and aggravated kidnapping, receiving an effective eighteen-year sentence; (1994) five counts of aggravated assault, receiving a ten-year concurrent sentence; and (2003) aggravated robbery, receiving a thirty-year Range II sentence.  The Petitioner has repeatedly and unsuccessfully challenged his convictions and sentences.  In this, his latest challenge, the Petitioner filed a petition for post-conviction relief challenging his 2003 convictions.  He contended that he had received the ineffective assistance of counsel and that the trial court had improperly amended his judgment of conviction.  The post-conviction court summarily dismissed the petition, concluding that the grounds for relief had clearly been waived because they had not been raised in the Petitioner's prior petition for post-conviction relief.  In the alternative, the trial court stated that, if it considered the petition as a motion to re-open the prior post-conviction proceeding, the Petitioner had failed to meet his burden of proof.  We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J. joined.  J. ROSS DYER, J., not participating.

Jeffry Yates, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Background**

The following is a summary by this court of the history of the Petitioner's cases:

Twenty-five years ago, [the] Petitioner was convicted of especially aggravated kidnapping, attempted aggravated robbery, and aggravated kidnapping (the 1993 convictions) and received an effective eighteen-year sentence. *See Jeffrey D. Yates v. State*, No. 02C019608-CR-00276, 1997 WL 399311, at *1 (Tenn. Crim. App. [at Jackson] July 16, 1997), *perm. app. denied* (Tenn. Feb. 23, 1998). He unsuccessfully sought post-conviction relief on the basis of ineffective assistance of counsel. *Id*. About one year later, he pled guilty to five counts of aggravated assault and two counts of possession of cocaine with intent to sell (the 1994 convictions), receiving an effective ten-year sentence which was ordered to be served concurrently with the sentences for the 1993 convictions. *See Jeffery Yates v. State*, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111, at *1 (Tenn. Crim. App. [at Jackson] Aug. 27, 2008), *perm. app. denied* (Tenn. Jan. 20, 2009).

In 2003, [the Petitioner] was convicted by a jury of aggravated robbery and sentenced as a Range III, career offender to thirty years in the Department of Correction. *State v. Jeffrey Yates*, No. W2003-02422-CCA-MR3-CD, 2005 WL 1707974, at *1 (Tenn. Crim. App. [at Jackson] July 21, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). [The] Petitioner did not challenge his sentence on direct appeal. *Id.* [The] Petitioner sought post-conviction relief, but his attempt to prove that both trial and appellate counsel were ineffective was not successful. *Jeffrey Yates v. State*, No. W2008-02498-CCA-R3-PC, 2009 WL 2985949, at *12 (Tenn. Crim. App. [at Jackson] Sept. 18, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010).

Dissatisfied with his effective eighteen-year sentence from the 1993 and 1994 convictions, Petitioner attempted to attack the judgments via the writ of habeas corpus. In 2006, he argued that his eighteen-year sentence for the 1993 convictions was illegal because it was required to be served consecutively to the ten-year sentence for his 1994 convictions because he was "on bail for the five aggravated assaults and for one count of possessing cocaine when he committed the especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery[.]" *Jeffery Yates v. State*, No. W2006-00969-CCA-R3-HC, 2007 WL 936117, at *1 (Tenn. Crim. App. [at Jackson] Mar. 29, 2007), *perm. app. denied* (Tenn. Aug. 13, 2007). This Court denied relief because the judgment forms were facially valid and [the] Petitioner failed to include any documents to support his argument. *Id.* Then, in 2007, [the] Petitioner

2

challenged the validity of his 1994 convictions on the same basis. *Jeffery Yates*, 2008 WL 3983111, at *1. He was again unsuccessful.

In 2009, [the] Petitioner again sought habeas corpus relief on both his 1993 and 1994 convictions. *Jeffery Yates v. State*, No. W2009-01136-CCA-R3-HC, 2010 WL 4540063, at *1 (Tenn. Crim. App. [at Jackson] Sept. 24, 2010), *perm. app. denied* (Tenn. Dec. 22, 2010). In this third attempt at habeas corpus relief, [the] Petitioner advanced the same argument with regard to the manner of service of his sentence, this time citing Rule 32 of the Tennessee Rules of Criminal Procedure as support for his argument. The trial court denied relief on the basis that [the] Petitioner "was no longer restrained of his liberty." *Id*. at *2. This Court affirmed. *Id*. at *3.

In another attempt at habeas corpus relief, [the] Petitioner argued that his 2003 conviction for aggravated robbery was void because it failed to specify whether the thirty-year sentence was to be served consecutively to or concurrently with the 1993 sentence. *Jeffery Yates v. Randy Lee, Warden*, No. E2017-00201-CCA-R3-HC, 2017 WL 2829821, at *1 (Tenn. Crim. App. [at Jackson] June 30, 2017), *perm. app. denied* (Tenn. Sept. 20, 2017). The trial court denied relief and this Court affirmed, finding that the absence of the information from the judgment form did not render the judgment void because Tennessee Rule of Criminal Procedure 32(c)(3)(A) required consecutive service of a sentence imposed for a felony committed while on parole regardless of whether the judgment specified the manner of service of the sentence.

[The] Petitioner tried a different approach by filing a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. *Jeffery Yates v. State*, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *1 (Tenn. Crim. App. [at Jackson] Jan. 8, 2015), *perm. app. denied* (Tenn. May 15, 2015). [The] Petitioner argued:

> [H]is 1993 and 1994 convictions were void because their sentences were not ordered to be served consecutively; therefore, his 2003 sentence for aggravated robbery was illegal because the sentencing court had relied on the 1993 and 1994 convictions in classifying [the Petitioner] as a career offender. [The Petitioner] also argued that his 2003 sentence was illegal because the sentencing court, in classifying him as a career offender, relied on a void judgment of conviction that

3

"had been withdrawn through a prior [p]ost-[c]onviction proceeding." [The Petitioner] further argued that his 2003 sentence was illegal because he was denied his right to "allocution" at the sentencing hearing.

*Id.* at *2. This Court affirmed the trial court's summary denial of the motion under Rule 36.1 because Petitioner failed to state a colorable claim. *Id*. at *3.

[The] Petitioner filed another motion under Rule 36.1, arguing that his sentences for the 1993 and 1994 convictions were illegal because he received concurrent sentences when consecutive sentences were statutorily required. *State v. Jeffery Yates*, No. W2015-01075-CCA-R3-CD, 2016 WL 721035, at *1 (Tenn. Crim. App. [at Jackson] Feb. 23, 2016), *perm. app. denied* (Tenn. June 24, 2016). This Court denied relief on the basis that the underlying sentences about which he was complaining were expired. *Id*. at *2.

All of these prior attempts to gain relief from his convictions and sentences bring us to the present appeal. In October of 2017, [the] Petitioner filed a motion for correction of a clerical error pursuant to Tennessee Rule of Criminal Procedure 36. In response to the motion, the trial court entered an order finding that [the] Petitioner "complains that his judgment of conviction and sentence entered on the above-styled indictment on June 19, 2003, does not on its face [state] that his 30[-]year sentence for aggravated robbery runs consecutively with the other sentences for which he was on parole at the time of his offense." The trial court ordered that "the attached new corrected judgment be sent to the Department of Correction adding this information at [the Petitioner's] request." On the corrected judgment, the trial court hand wrote that [the] Petitioner's sentence was consecutive to "all other sentences [for] which he was on parole on 8/26/01." Petitioner appealed.

*State v. Jeffery Yates*, No. W2018-00284-CCA-R3-CD, 2019 WL 192397, at *1-3 (Tenn. Crim. App., at Jackson, Jan. 11, 2019), *perm. app. denied* (Tenn. Apr. 15, 2019).

In our January 2019 decision, we noted that the Petitioner sought correction of a clerical error in his judgment from a 2003 conviction for aggravated robbery, alleging that the trial court was without jurisdiction to amend the judgment, that the trial court failed to find the original judgment contained a clerical error, and that the amended judgment was incomplete. *Id.* at *1. We determined that the amended judgment form

4

was incomplete because it did not specify that the Petitioner was a career offender, and we remanded the matter to the trial court for correction of the judgment form but affirmed the judgment in all other respects. *Id.*

On November 28, 2018, while the Petitioner's previous Rule 36.1 motion was pending, the Petitioner filed another petition for post-conviction relief. In it, he alleged that his 2003 trial counsel was ineffective and also that the trial court lacked jurisdiction to enter the amended judgment. On December 5, 2018, the post-conviction court summarily dismissed the petition finding:

> [The Petitioner] has filed other post-conviction matters. In his last petition before this one, a "Petition for Correction of Clerical Mistakes" he asked that the judgment in the instant case be corrected because it did not show [on] its face that his conviction was to run consecutively to his other convictions on which he w[a]s on parole when the instant offense was committed, and [the trial court] entered a corrected judgment showing the consecutive nature of his sentences. He then filed the instant petition alleging ineffective assistance of counsel, alleging that it was filed timely because it was filed within one year of the entry of the corrected judgment, pursuant to *King v. State*, M2017-00058-CCA-R3-PC (Tenn. Crim. App. 2017). Whether or not it was timely filed, the grounds in the petition have clearly been waived as not having been raised in his prior petition for post-conviction relief, and should be dismissed.
>
> If treated as a petition to reopen his post-conviction petition, Tenn. Code Ann. § 40-30-117(a)(1) provides [the requirements for such a petition]. As the grounds in the petition do not satisfy any of the criteria set out in Tenn. Code Ann. § 40-30-117 as grounds to reopen, and have also been previously waived as not having been raised in any previous petitions, this additional petition should also be summarily dismissed.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it treated his petition as a motion to reopen his petition for post-conviction relief. He further contends that the trial court erred when it summarily dismissed his petition. The State first concedes that the Petitioner correctly claims that he had a right to file a post-conviction petition following the 2018 amendment of his conviction; thus this case is properly before this court pursuant to Tennessee Rule of Appellate Procedure 3. The State next

5

contends that the post-conviction court properly dismissed the Petitioner's petition because the claims contained herein are all either waived or previously determined. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The parties agree that the Petitioner was entitled to file a new post-conviction petition based on the 2018 amended

judgments. *Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at \*1-2 (Tenn. Crim. App., at Nashville, Aug. 30, 2017), *no Tenn. R. App. P. 11 application filed*. We will therefore consider whether the post-conviction court erred when it summarily dismissed the petition, concluding that the Petitioner had waived the issues he had presented for review.

Even if the petition had been timely filed, the petition needed to assert a colorable claim for post-conviction relief. Tenn. Sup. Ct. R. 28 § 2(B)(2). A "colorable claim" is defined as "a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(h). If the facts alleged in the petition, taken as true, fail to state a colorable claim, then summary dismissal is appropriate. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). Summary dismissal is also appropriate where the petition fails to show that "the claims for relief has not been waived or previously determined." T.C.A. § 40-30-106(f) (2016). We review the propriety of a post-conviction court's summary dismissal de novo. *See, e.g., Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002) (citing *Fields v. State*, 40 S.W.3d 450, 457 (Tenn.2001)). The Post-Conviction Procedure Act requires that a petition for relief under the Act "contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d).

Regarding the Petitioner's claims with respect to his trial counsel's performance for his 2003 convictions, we conclude that those claims were addressed by the court in his previous petition and therefore were previously decided. *See Yates*, 2009 WL 2985949, at \*1. Any claims not contained in his previous petition are waived. Additionally, the Petitioner's contention that the Shelby County Criminal Court lacked jurisdiction to enter amended judgments in 2018 has also previously been decided. *See id.*, at \*3. As such, we conclude that he is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the post-conviction court properly summarily dismissed the Petitioner's petition for post-conviction relief. In accordance with the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE

7