IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## RODOLFO GUERRA-ROSALES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
No. F-81563      Royce Taylor, Judge

_____

### No. M2019-01375-CCA-R3-PC
_____

The Petitioner, Rodolfo Guerra-Rosales, pleaded guilty in General Sessions Court to misdemeanor drug possession, and the court imposed a probation sentence of eleven months and twenty-nine days. The Petitioner timely filed a post-conviction petition in circuit court, alleging that his guilty plea in general sessions court was involuntary based upon the ineffective assistance of counsel. The post-conviction court summarily dismissed the petition, concluding that the claim was not cognizable and that the court lacked jurisdiction to hear the petition. On appeal, the Petitioner asserts, and the State concedes, that the post-conviction court had jurisdiction to consider the petition and that his petition stated a colorable claim. After review, we reverse the post-conviction court's dismissal and remand for an evidentiary hearing on the Petitioner's claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

David I. Komisar, Nashville, Tennessee, for the appellant, Rodolfo Guerra-Rosales.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.      Factual and Procedural History

On June 29, 2018, the Petitioner pleaded guilty in the Rutherford County General Sessions Court to misdemeanor drug possession. The general sessions court sentenced the Petitioner to a probation sentence of eleven months and twenty-nine days. On June 26, 2019, the Petitioner timely filed a petition for post-conviction relief in the Circuit Court for Rutherford County. Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), he alleged that his plea was entered involuntarily without understanding the immigration consequences of the conviction due to the ineffective assistance of counsel. On July 8, 2019, the post-conviction court issued an order finding that the Petitioner had failed to state a colorable claim. The order then stated: "Further, this Court finds that it has no jurisdiction to consider this petition because it was filed in the Circuit Court of Rutherford County. The Petitioner pled guilty in the General Sessions Court of Rutherford County."

The Petitioner timely filed this appeal, arguing that the post-conviction court erred in its jurisdictional determination and, because the Petitioner stated a colorable claim, by failing to conduct an evidentiary hearing. The State concedes that the Petitioner presented a colorable claim and that the post-conviction court had jurisdiction to hold a hearing on the claim. The State therefore argues that a remand for a hearing is the proper remedy.

## I. Analysis

On appeal, the Petitioner asks this court to remand for an evidentiary hearing on his claim that Counsel failed to advise him of the immigration consequences of the guilty plea. Both parties agree that the Petitioner has presented a colorable claim and that the post-conviction court had jurisdiction to hear the petition.

As a threshold issue, we will address the post-conviction court's finding that it did not have jurisdiction to hear the claim. Tennessee Code Annotated, section, 40-30-104(a) provides, "[p]etitions challenging misdemeanor convictions not in a court of record shall be filed in a court of record having criminal jurisdiction in the county in which the conviction was obtained." The Petitioner pleaded guilty in a Rutherford County general sessions court and filed his petition in a court of record in Rutherford County; therefore, we conclude that the post-conviction court has jurisdiction to hear the petition. Because the post-conviction court had jurisdiction, we now consider whether the Petitioner presented a colorable claim warranting an evidentiary hearing.

This court reviews a post-conviction court's summary dismissal of a post-conviction proceeding *de novo*. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is available to petitioners for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution

of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The post-conviction court must determine whether the petition asserts a colorable claim. *See* Tenn. Sup. Ct. R. 28 § 6(B)(2)-(3). A colorable claim is a claim "that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief." Tenn. Sup. Ct. R. 28 § 2(H). The Post-Conviction Procedure Act requires that petitions "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis for those grounds." T.C.A. § 40-30-106(d). If the petition states a colorable claim, the post-conviction court must set an evidentiary hearing. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing T.C.A. § 40-30-207(a), (b)(1) (1997) ).

The Petitioner alleges that he received the ineffective assistance of counsel. Accordingly, the Petitioner must allege facts that show: (1) that counsel's performance was deficient; and (2) that the deficient performance caused the defendant to be prejudiced. *See Arnold*, 143 S.W.3d at 787 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Petitioner stated a factual basis in his petition alleging that trial counsel was deficient because he failed to advise the Petitioner of the immigration consequences of the plea and maintained that he would not have accepted the guilty plea but for trial counsel's deficiencies.

The post-conviction court found that the Petitioner failed to state a colorable claim. The United States Supreme Court, in *Padilla*, held that the failure to warn a non-citizen client that his guilty plea would result in deportation was deficient under the *Strickland* test. *Padilla*, 559 U.S. 356. Therefore, the Petitioner's petition asserts a colorable claim requiring an evidentiary hearing.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the judgment of the post-conviction court and remand this case to the post-conviction court for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE