IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2025

## LATOSHA STARKS-TWILLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 17-03323    Carlyn L. Addison, Judge

_____

### No. W2024-00455-CCA-R3-PC

_____

The Petitioner, Latosha Starks-Twilley, appeals the Shelby County Criminal Court's denial of her post-conviction petition, seeking relief from her conviction of first degree premeditated murder and resulting life sentence. On appeal, the Petitioner claims, and the State concedes, that the post-conviction court erred by summarily denying her pro se petition without appointing counsel or holding an evidentiary hearing because the petition alleged a colorable claim of ineffective assistance of counsel. Based on our review, we reverse and vacate the judgment of the post-conviction court and remand the case to that court for the appointment of counsel and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Vacated, Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

Brennan M. Wingerter, Assistant Public Defender – Appellate Director, Tennessee District Public Defenders Conference, Franklin, Tennessee, for the appellant, Latosha Starks-Twilley.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2016, the Petitioner killed her forty-seven-year-old husband, Waddell Bernard Twilley, Sr. *See State v. Starks-Twilley*, No. W2022-00020-CCA-R3-CD, 2023 WL 3297849, at *1 (Tenn. Crim. App. May 8, 2023), *perm. app. denied* (Tenn. Sept. 11, 2023). The police found the victim's body in a plastic storage bin that was in the attic of the Petitioner's and the victim's home. *Id.* at *3. The victim's hands had been handcuffed behind his back, his ankles had been handcuffed, and several layers of plastic had been secured around his head with duct tape. *See id.* at *6-7. He died of suffocation. *Id.* at *7. Although the Petitioner told the police that she did not know how the victim ended up in the storage bin, her DNA was on cigarette butts that were in the bin with the victim's body. *See id.* at *5, 6.

The Petitioner had a lengthy history of mental illness that included schizophrenia and auditory hallucinations, and she asserted an insanity defense at trial. *See id.* at *7. Dr. Megan Avery evaluated her and testified for the defense as an expert in the field of forensic psychology. *Id.* According to Dr. Avery, the Petitioner did not deny killing the victim and claimed that "voices were telling her what to do at each step, and that if she didn't comply with them, the voices would harm her." *Id.* at *9. Dr. Avery concluded that the Petitioner was suffering from a severe mental disease or defect at the time of the victim's death and that "there was 'some evidence to support' a conclusion that [she] could not appreciate the nature and wrongfulness of her actions." *Id.*

The jury rejected the insanity defense and found the Petitioner guilty of first degree premeditated murder. *Id.* at *14. On direct appeal of her convictions, the Petitioner raised, in pertinent part, multiple issues regarding the State's cross-examination of Dr. Avery. *See id.* at *14-24. This court found that the Petitioner waived several of those issues because defense counsel failed to object at trial and that any error committed by the trial court was harmless. *See id.* The Petitioner also claimed that the trial court erred by preventing the defense from asking Dr. Avery whether the Petitioner lacked the capacity to form the requisite mental state for the charged offense. *Id.* at *24. This court concluded that the trial court did not err because, while the Petitioner provided notice of her intent to present the affirmative defense of insanity, she failed to file the proper notice of her intent to utilize diminished capacity as contemplated by Tennessee Rule of Criminal Procedure 12.2(b). *Id.* at *27.

The Petitioner filed a timely pro se petition for post-conviction relief in which she claimed that she received the ineffective assistance of counsel and that the trial court committed judicial misconduct. Regarding her ineffective assistance of counsel claim, the Petitioner asserted that trial counsel was deficient for (1) failing to provide the trial court with notice of a diminished capacity defense, which could have shown that she lacked the mens rea for first degree murder; (2) failing to advise her adequately about the benefits of negotiating with or accepting a plea offer by the State; (3) failing to present a defense for

- 2 -

the crime of reckless homicide based on her and the victim's sexual practices, which included bondage with handcuffs; and (4) failing to consult with Dr. Avery adequately and failing to prepare Dr. Avery sufficiently for cross-examination. Regarding her claim of judicial misconduct, the Petitioner contended that the trial court (1) allowed the State to ask Dr. Avery prejudicial questions; (2) prohibited the defense from asking Dr. Avery whether the Petitioner lacked the capacity to form the mens rea for the offense; (3) denied the Petitioner's request for a jury instruction on reckless homicide; and (4) admitted inflammatory photographs of the deceased victim into evidence. The Petitioner requested in her petition that the post-conviction court appoint counsel; allow appointed counsel to amend the petition, if necessary; order the State to file a response to the petition; and hold an evidentiary hearing.

The post-conviction court entered an order summarily denying the petition. In so doing, the post-conviction court addressed the first three alleged errors by trial counsel in the Petitioner's ineffective assistance of counsel claim and concluded that trial counsel was not deficient, and that the Petitioner did not suffer prejudice. For trial counsel's fourth alleged error, that trial counsel failed to consult with Dr. Avery adequately and failed to prepare her sufficiently for cross-examination, the post-conviction court found that the claim was previously heard by this court on direct appeal and, therefore, was not a colorable claim. The post-conviction court found that the Petitioner's claim of judicial misconduct was previously addressed by the trial court at the motion for new trial hearing and by this court on appeal and, therefore, was not a colorable claim.

## ANALYSIS

The Petitioner contends, and the State concedes, that the post-conviction court erred by denying her petition on the merits without the appointment of counsel, without allowing counsel to amend the petition, without requiring the State to respond to the petition, and without an evidentiary hearing. We agree with the Petitioner and the State.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petition for relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). When a petition is timely filed, the trial court must determine whether the petition asserts a colorable claim for post-conviction relief. Tenn. Sup. Ct. R. 28 § 2(B)(2). A "colorable claim" is defined as "a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(h). If the facts alleged in the petition, taken as true, fail to state a colorable claim, then summary

dismissal is appropriate. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). However, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim, then the court shall enter a preliminary order and appoint counsel to represent the petitioner. Tenn. Code Ann. § 40-30-107(b)(1); *see* Tenn. Sup.Ct. R. 28, § 6(B)(4)(b). The State must then file an answer or other responsive pleading to the petition. *See* Tenn. Code Ann. § 40-30-108(a). Whether a post-conviction petition was properly dismissed is a question of law that this court reviews de novo. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

Here, the post-conviction court, by proceeding to address the Petitioner's claim of ineffective assistance of counsel on the merits, concluded that the pro se petition stated a colorable claim. Therefore, the court should have appointed counsel to amend the petition. Accordingly, the post-conviction court's order summarily denying the petition for post-conviction relief is reversed and vacated. The case is remanded to the post-conviction court for the appointment of counsel to amend the petition so the case can proceed to an evidentiary hearing as provided by statute.

## CONCLUSION

Based upon our review, the judgment of the post-conviction court is reversed and vacated, and the case is remanded to the post-conviction court for further proceedings consistent with this opinion

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 4 -